Cummings v. Mastin.

ANDREW CUMMINGS, Respondent, v. D. C. MASTIN, Appellant.

**Kansas City Court of Appeals, February 2, 1891.**

1.  **Agistment: PLEADING : PETITION : NEGLIGENCE.** In an action against an agister, it is only necessary to allege his business, a delivery and acceptance of the animals, the tender of the price, and a demand and refusal of the return of the animals. It is not necessary to aver negligence.

2.  ——— : PROCEDURE. The proper mode of procedure under a petition only alleging demand and refusal is to make proof thereof. Defendant will then show the loss, and plaintiff must then show that the loss occurred through the defendant's negligence.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*T. A. J. Mastin,* for appellant.

(1) If on the trial the plaintiff had proven all of these allegations, he would have made precisely the same case as is held insufficient to support a judgment in *Rey v. Tony*, 24 Mo. 600. Since the plaintiff cannot be held to prove more than he alleges, the petition does not contain facts sufficient to constitute a cause of action. (2) The petition is defective in that it does not allege either that the defendant converted plaintiff's horses to his own use, or that he lost them through negligence. In the absence of one or the other of these allegations the plaintiff is not entitled to a judgment for the value of the horses. In *McCarty v. Wolfe*, 40 Mo. 520, the petition contained an allegation of negligence in addition to the allegations contained in the petition in this case, and the failure of the plaintiff to prove the negligence alleged was held fatal.

*William C. Forsee,* for respondent.

( 1 )   If the statement shows a cause of action upon any theory, the judgment must be affirmed.   It is only where the petition is fatally defective that a reversal follows.   *Sweet v. Maupin,* 65 Mo. 70, 74 ; *McEntire v. McEntire,* 80 Mo. 470 ; *Ryors v. Prior,* 31 Mo. App. 561 ; *Pope v. Railroad,* 99 Mo. 404.   ( 2 )   That it does state a cause of action is clear.   *Wiser v. Chesler,* 53 Mo. 547, instruction on burden of proof on p. 549, and approval thereof on p. 550 ; *Huxley v. Hartzell,* 44 Mo. 370, and cases cited ; *O'Donohue v. Corby,* 22 Mo. 393 ; *McCarthy v. Wolfe,* 40 Mo. 520, 522 ; *Kincheloe v. Priest,* 89 Mo. 240 ; *Goodfellow's Ex'r v. Meegan,* 32 Mo. 280 ; *Martin v. Black,* 24 Mo. App. 60 ; *Winston v. Taylor,* 20 Mo. 85, 86 ; Schouler on Bail., p. 23, note 1, pp. 24 and 25, and notes ; Story on Bail., secs. 213, 278 ; *Wiser v. Chesler,* 53 Mo. 547, 549, 550.   ( 3 )   The plaintiff need not only allege what he is bound to prove in order to make a *prima facie* case.   Bliss on Code Plead., sec. 200 ; 1 Chitty on Plead. 222 ; Stephens on Plead. [4 Am. Ed.] p. 350.   ( 4 )   " Where one receives possession of a chattel in a certain condition, and fails at the proper time to redeliver it at all, * * * it is the bailee who should open his mouth and make an explanation to relieve himself.   Schouler on Bail. [1 Ed.] p. 24, citing : *Goodfellow v. Meegan,* 32 Mo. 280 ; *Collins v. Bennett,* 46 N. Y. 490 ; *Brown v. Waterman,* 10 Cush. 117 ; *Logan v. Mathews,* 6 Penn. St. 417 ; *Funkhouser v. Wagoner,* 62 Ill. 59 ; *Vaughn v. Webster,* 5 Har. 256 ; *Bennett v. O'Brien,* 37 Ill. 250 ; *Cass v. Railroad,* 14 Allen, 448 ; *Safe Deposit v. Pollock,* 85 Pa. St. 391 ; *Ford v. Simmons,* 13 La. Ann. 397.   All the Missouri cases support this doctrine.

ELLISON, J.—Defendant was an agister of cattle. Plaintiff delivered to him a horse and a mare to be pastured for compensation.   Defendant refused to deliver

on demand and was sued for the value of the animals. He recovered, and defendant appeals.

The case is before us merely on the question whether a cause of action is stated in the petition.

The petition alleges the business of defendant; the delivery and acceptance of the animals; the tender of price of pasturage and a demand and refusal to deliver. The objection is that the petition should have alleged negligence, general or special, on the part of defendant. We think the objection is not well taken. An agister is not an insurer (in the absence of a special contract to that effect), and is only liable for negligence. But when he or other bailee receives possession of property and fails to redeliver on demand, it is he "who should open his mouth and make an explanation to relieve himself." Schouler on Bailments, 24. Upon proof of demand and refusal, the *onus* is then cast upon defendant to account for the property. In this case there is no allegation of negligence and there is none required, as, in the first instance, negligence need not be affirmatively shown. In *McCarthy v. Wolfe*, 40 Mo. 520, negligence was required to be first shown by the plaintiff *for the reason* that he did not content himself with alleging a demand and refusal but affirmatively set up that the cattle were lost through defendant's negligence. In *Rey v. Tony*, 24 Mo. 600, no question of pleading was made. The case is on the sufficiency of the evidence.

The proper mode of procedure under a petition only alleging demand and refusal is to make proof thereof. Defendant will then show the loss of the property, as his excuse for nondelivery. It will then devolve upon plaintiff to show that such loss occurred through his negligence. *Winston v. Taylor*, 28 Mo. 82; *Goodfellow v. Meegan*, 32 Mo. 280.

We think the petition sufficient and affirm the judgment.