C. S. RAYL, Respondent, v. EMILE and AUGUST KREILICH, Appellants.

St. Louis Court of Appeals, March 15, 1898.

1. **Agistment**: BURDEN OF PROOF: NEGLIGENCE. In the case at bar the right of recovery is based on the *negligence* of the defendants in permitting the heifer to escape, which had been placed by plaintiff with defendants for pasturage. In such a case the burden of proof never shifts but remains with the plaintiff throughout the case.

2. ———: ———: ———. The plaintiff made out a *prima facie* case of negligence by proving a delivery of the property to the defendant for pasturage, and the failure to return it after the reception of the defendant's evidence, it was for the jury to say from the evidence taken as a whole whether the plaintiff had shown that the damage or loss was occasioned by the negligence of the defendants.

*Appeal from the St. Genevieve Circuit Court.*—HON. HENRY SHAW, Special Judge.

REVERSED AND REMANDED.

T. B. WHITLEDGE, EDWARD A. ROZIER, WILLIAM CARTER for appellants.

An agister is bound only to take reasonable and ordinary care of the bailment, and in case of loss, negligence must be shown by the owner or bailor of the property before he can recover the value of his animal, either particular negligence by which the animal was lost, or gross general negligence, and the burden of proof to show such negligence is upon the plaintiff; and if that be not shown the plaintiff can not recover. Rey v. Toney, 24 Mo. 600; McCarthy v. Wolfe, 40 Mo. 520; Perry v. Beardlee, 10 Mo. 568; Cumming v. Mastin, 43 Mo. App. 558; Winston v. Taylor, 28 Mo. 82–86. The burden of proof of negligence rests upon the plaintiff, never upon the defendant. Casey v. Donovan, 65 Mo. App. 521; Kincheloe v. Priest, 89 Mo. 240; Marshall Livery Co. v. McKelvy, 55 Mo. App. 240; Standard Milling Co. v. Transit Co., 122 Mo. 258; American Brewing Co. v. Talbot, 42 S. W. Rep. 679.

No brief for respondent.

BIGGS, J.—The plaintiff placed with the defendants a yearling heifer for pasturage. At the termination of the bailment he made a demand for the return

of the animal, which the defendants were unable to comply with on account of its loss. The statement before the justice was in the form of an account for the recovery of the value of the heifer. On a trial in the circuit court the testimony on the part of the plaintiff only tended to prove the agistment, the demand for the return of the property, and the inability of the defendants to comply with the demand. The evidence of the defendants was to the effect that the animal was put in their pasture with other cattle; that in some way (unknown to the defendants) it got out and strayed away; that the fences around the inclosure were good, and that the defendants gave the animal the same care and attention that they bestowed on their own cattle. At the conclusion of the evidence the defendants asked the court to instruct the jury that under the law and evidence the verdict must be for them. The court declined to give the instruction and the defendants excepted. On its own motion the court gave the following instruction, to which the defendants also excepted:

"The court instructs the jury that if they believe from the evidence that the defendants took from the plaintiff the calf in controversy to pasture for hire, they are bound to return it upon the demand of plaintiff *unless they show to the satisfaction of the jury that it was lost without any want of care or caution on their part.*"

The jury returned a verdict for plaintiff. A judgment was entered on the verdict and the defendants have appealed.

The theory of the foregoing instruction is that upon proof by plaintiff of the agistment and failure to return the property on demand, the *onus* or burden of proof was cast on the defendant to show that the loss of the heifer occurred through no fault or neglect of

theirs. This is not the law in·this state in actions growing out of the contracts of agistment, where .the liability of the agistor is founded on his negligence. In such cases the burden of proof never shifts, but remains with the plaintiff throughout the case. Casey v. Donovan, 65 Mo. App. 521; Witting v. R. R., 101 Mo. 631; Hale on Bailments, pp. 30, 31, and authorities cited. The reason for the rule as stated in Witting v. R. R., *supra*, is "that negligence is a positive wrong and will not be presumed though it may be inferred from circumstances." Hale on Bailments, *supra*, says, "that while the burden of proving negligence rests upon the plaintiff and does not shift throughout the trial, *the burden of proceeding does shift*, and that where the plaintiff has shown that the bailee received the property in good condition and failed to return it or returned it badly injured, he has made out a *prima facie* case of negligence." In the case at bar the right of recovery is based on the *negligence* of the defendants in permitting the heifer to escape. Under the foregoing authorities I think it quite clear that the instruction of the court is erroneous. The foregoing are my individual views as to the instruction. The views of my associates are expressed in an opinion written by Judge BOND. They hold the instruction to be erroneous, upon other grounds and that on account of the error the judgment must be reversed and the cause remanded for another trial.

The argument in support of the instruction of non-suit is that when the defendants introduced evidence tending to disprove the *prima facie* case made by the plaintiff's evidence, it then devolved on the latter to introduce some proof tending affirmatively to show that the loss of the animal occurred by reason of some negligence on the part of the defendants. We can not agree to this proposition, although there are authori-

ties which seemingly sustain it. The plaintiff as we have shown, made out a *prima facie* case of negligence by proving a delivery of the property and the failure to return it. After the reception of the defendants' evidence, it was for the jury to say from the evidence taken as a whole whether the plaintiff had shown that the damage or loss was occasioned by the negligence of the defendants. Admit that the fences were in good condition (which is the extent of the testimony of the defendants), then the animal certainly escaped through an open gate, and as the premises were under the exclusive control of the defendants the jury might be warranted in the conclusion that the gate was left open either by the defendants or their servants. If there was any fact or circumstance tending to show that the heifer was stolen there might be room for the argument that the plaintiff ought to show that the defendants did not exercise due care in guarding the property. It is believed that the authorities relied on by the defendants only apply to such a state of facts, or where the property has been injured or destroyed by *vis major*, against which the bailee might have protected it by the exercise of ordinary care. In these views my associates concur. For the reasons stated in the opinion of Judges BLAND and BOND, the judgment of the circuit court will be reversed and the cause remanded.

### SEPARATE OPINION BY JUDGE BOND.

I can not agree to the interpretation given in the opinion to the instruction under review. According to that view it was the purpose of the instruction to change the "burden of proof." I can not agree to this construction of the language used. In my opinion the unitalicized portion of the instruction merely told the jury in effect, that proof of the delivery of a bail-

ment in good condition and failure to redeliver on demand, would make a *prima facie* case for plaintiff, a doctrine well supported by decisions in this state. Wiser v. Chesley, 53 Mo. 547; Kincheloe v. Priest, 89 Mo. 243; Casey v. Donovan, 65 Mo. App. 527; Mason v. Union Stock Yards, 60 Mo. App. 99.

The error in the instruction arose from the improper measure of care imposed on defendant by the italicized language. Instead of obligating him to ordinary care, the instruction imposed the highest degree of care, or such as govern common carriers, and not hired bailees. Judge BLAND concurs in these views.