G. W. CRAWFORD, Defendant in Error v. CASHMAN & SON, Plaintiffs in Error.

**Kansas City Court of Appeals, February 5, 1900.**

1. **Agistment:** REMOVING CATTLE FROM ONE PASTURE TO ANOTHER: NEGLIGENCE: NOTICE. The removal of cattle from a pasture where water had failed to one with water and good grass will not constitute negligence on the part of the agister when done in a careful manner; especially where the owner had notice thereof and did not object.

2. ———: NEGLIGENCE: PRIMA FACIE CASE. When it is shown that the agister received cattle in good condition and failed to return them in like condition a *prima facie* case of negligence is made and it rests on him to exonerate himself from liability.

3. ———: ———: PLEADING: EVIDENCE: VARIANCE. A petition against an agister alleged that a missing steer was lost by failure to maintain a good fence, or carelessness in moving cattle. The evidence shows the steer was killed by lightning or delivered to another owner. Held, that the variance was fatal and plaintiff can not recover since an agister is not an insurer and is not liable for the steer being taken by another where his owner consents to the division.

4. **Appellate Practice:** NON-PREJUDICIAL ERROR: AFFIRMANCE. Where no error materially affecting the merits of the action is committed, the judgment must be affirmed.

Error to the Pettis Circuit Court.—*Hon. George F. Longan,*
Judge.

AFFIRMED.

*John Cashman* for appellants.

(1) Plaintiff's instruction numbered 3 was erroneous and at war with the law fixing the liability of agisters: The law which governs in this case is: The defendants made out

a *prima facie* case of negligence by proving a delivery of the cattle in good condition and failure of plaintiff to redeliver on demand. Rayl v. Kreilich, 74 Mo. App. 246; Casey v. Donovan, 75 Mo. App. 665; Hadley v. Orchard, 77 Mo. App. 141; Casey v. Donovan, 65 Mo. App. 521; Mason v. Stock Yards Co., 60 Mo. App. 93; Thompson v. Railway, 59 Mo. App. 37; Cummings v. Mastin, 43 Mo. App. 558; Taussig v. Schields, 26 Mo. App. 318; Arnot v. Branconier, 14 Mo. App. 431; Witting v. Railway, 101 Mo. 631; Kincheloe v. Priest, 89 Mo. 240; Wiser v. Chesley, 53 Mo. 547. There was ample evidence to take the case to the jury under proper instructions, as negligence of the bailee is presumed from the mere fact of failure to redeliver on demand. (2) The plaintiff undertook to excuse his failure to return the one steer by setting up in his petition that this steer of defendants was killed by lightning. The plaintiff offered no proof of this, but on the contrary every witness who testified concerning this fact positively stated the dead steer did not belong to defendants. These facts being controverted the case should have gone to the jury. Rayl v. Kreilich, 74 Mo. App. 246; Hadley v. Orchard, 77 Mo. App. 141. The burden of proving that the steer was killed by lightning was on the plaintiff. (3) The court erred in giving instruction numbered 2 for the plaintiff. There was substantial proof that defendants' cattle were damaged $1 per head by the driving in the heat and dust and on account of the smaller pasture being inferior. The following authorities condemn the action of the court in giving this instruction as well as in the giving of instruction numbered 3. Lamb v. Railway, 147 Mo. 171; Baird v. Railway, 146 Mo. 265; Gannon v. Gas Co., 145 Mo. 502; Gratiot v. Railway, 116 Mo. 450; Kenney v. Railway, 105 Mo. 270; Tabler v. Railway, 93 Mo. 79; Huhn v. Railway, 92 Mo. 440; Keim v. Railway, 90 Mo. 314; Nagel v. Railway, 75 Mo. 653; Mauerman v. Siemerts, 71 Mo. 101; Norton v. Ittner, 56 Mo. 351.

*Barnett & Barnett* for respondent.

(1) It can not be considered negligence on the part of plaintiff to remove defendants' cattle from a pasture where there was no water into one where there was water. He did what an ordinarily prudent man would do under like circumstances, and what Mr. Landers and Mr. Kelly, who had cattle in the same pasture, did with theirs. This was not only a prudent act, but an act of absolute necessity in order to save defendants' cattle. (2) But defendants were notified of this change, and did not object. That to which a person assents is not esteemed in law an injury. Broom's Legal Maxims, 204. (3) There is no evidence that the loss of defendants' missing steer was due to plaintiff's negligence; but on the contrary the evidence conclusively establishes that the missing steer was either killed by lightning or was gotten by one of the other cattle owners in the pasture, through the mistake of the defendants themselves in dividing the cattle. Of the steers placed in the pasture, all are accounted for. In order to charge an agister of cattle for the loss of an animal committed to his care, negligence must be shown; and the burden of showing such negligence is upon the bailor, the defendants in this case. Rey v. Toney, 24 Mo. 600; McCarthy v. Wolfe, 40 Mo. 520; Cummings v. Mastin, 43 Mo. App. 558; Casey v. Donovan, 65 Mo. App. 521; Witting v. Railroad, 101 Mo. 631. (4) An agister of cattle is only required to act with reasonable care and diligence, and in accordance with the usages and customs at the place where he does business. Stock Yards & Transit Co. v. Mallery, 157 Ill. 554. Agisters are not insurers of the cattle in their charge, but are liable only for negligence.

GILL, J.—This is a suit to recover for the contract price of pasturing cattle. The petition in effect alleges that plaintiff took forty head of defendants' cattle under contract to

graze them in the summer of 1897, at at the rate of sixty-five cents a head per month; that one of the cattle was killed by lightning while they were in the pasture, but that the remaining thirty-nine head were grazed from May 1 to August 23, 1897, when they were removed by defendants. The answer admits the contract for pasturing, but alleges that plaintiff was to receive therefor only sixty cents a head per month. In addition to this, the answer sets up two counterclaims. In the first, it is alleged that plaintiff wrongfully and without defendants' consent moved the cattle from the 200 acre pasture, where they were originally placed, and drove them to another of plaintiff's pastures of only 70 acres where they were kept awhile and then returned, whereby the cattle lost in weight and were damaged to the extent of one dollar a head; while the second counterclaim denies that the missing steer was killed by lightning and alleges that the animal, of the value of $40, was lost through the negligence of plaintiff in failing to maintain good fences and gates thereby permitting the steer to escape, or that said animal was lost while moving the cattle from one pasture to another. The reply put in issue the matter set up in said counterclaims.

The verdict was for plaintiff, and from a judgment in accordance therewith defendants have appealed.

I. The only matters complained of relate to the action of the trial judge in peremptorily instructing the jury that defendants were entitled to nothing on the counterclaims above mentioned. As to the first counterclaim, that is, the one claiming damages for removing the cattle from one pasture to another, we feel no hesitancy in upholding the court's action. The evidence is undisputed that the cattle were placed, along with three other bunches owned by other parties, in one of plaintiff's pastures; that they all remained there till in the month of June, when the water supply failed because of dry weather, when plaintiff drove the entire herd into another of his pastures in the neighborhood where there was abundant

water and good grass. In so doing the other cattle owners assisted, and the evidence quite conclusively shows that defendants had notice thereof and did not object. The cattle remained in the new pasture for two weeks—when a rain occurred, furnishing a supply of water, and they were then returned to the first pasture. There is no pretense that the cattle were carelessly handled and no substantial evidence that they were in any way damaged by the moving. The removal of the cattle, under the circumstances, can not be treated as a negligent act; indeed, to have done otherwise and kept them where there was no water would have been negligence. No prudent man would have kept the cattle where they would have suffered for want of water.

II. The next question is, whether any responsibility can fairly rest on the plaintiff for the loss of one of defendants' steers. It is conceded by both parties that defendants placed forty head of steers in plaintiff's pasture, and it is also admitted that only thirty-nine of these were returned. If the case rested here, it might be well contended that a *prima facie* case was made against plaintiff. For whatever may have been the law in this state, the rule seems now well settled that where the plaintiff has shown that the bailee received the property in good condition, and failed to return it, or returned it in an injured or damaged condition, he has made out a *prima facie* case of negligence, that it rests "upon the depositary to exonerate himself from the liability which attached when he assumed the custody of the article with which he was entrusted." Wiser v. Chesley, 53 Mo. 547; Arnot v. Branconier, 14 Mo. App. 431; Cummings v. Mastin, 43 Mo. App. 558; Casey v. Donovan, 65 Mo. App. 521; Hale on Bailments, p. 30, *et seq.* It will be seen that the latter cases have not followed what appears to have been the holding in Rey v. Toney, 24 Mo. 600.

III. But in the case at hand, the defendants have, in their second count, made specific charges of negligence. They, in effect, allege that the missing steer was lost either through

the negligent omission of plaintiff to maintain a good fence around the pasture, or was negligently lost while moving the cattle from one to the other pasture. It must be held then that defendants have assumed the burden of establishing one or the other of those alleged acts of negligence. They have based their right of recovery on these facts (the one or the other) and they must prove their case as alleged, or fail in the result.

As to the testimony bearing on these alleged acts of negligence, it must be conceded that there is not a shadow of proof that the steer was lost in driving from one pasture to another; and the undisputed evidence, or rather conceded facts, clearly show that the animal never escaped through the fence or gates. While this is shown by evidence that might be called negative, it is yet conclusive. It is admitted by all parties that there were just one hundred and fifty cattle (neither more nor less) in the pasture from which defendants claim that their steer may have escaped. It is conceded, too, that one of these was killed by lightning. This would leave one hundred and forty-nine. The testimony shows—without dispute and beyond a shadow of doubt—that the different owners took out respectively, twenty, fifty, forty and thirty-nine head, that is, in all one hundred and forty-nine cattle. None, therefore escaped, all were accounted for. So that it is mathematically certain that no animal was lost and defendants' missing steer can be accounted for on one of two theories—that is, it was either killed by lightning or was taken through mistake by one of the other cattle owners. If the loss occurred in either way plaintiff is not responsible. For it is well settled that the agister is not an insurer of stock entrusted to his care, is only liable for loss occurring by his negligence, and plaintiff can not be held for the taking by one of the other cattle owners, because defendants were present and consented to the division. And it seems, too, that in dividing the cattle a dispute arose between defendants and another party as to the

ownership of one of the cattle, but defendants yielded to the claim of the other.

IV.    A close examination of the testimony has convinced us that the jury could not consistently find any other verdict than the one rendered; the undisputed evidence shows that defendants are not entitled to recover on either counterclaim. No error "materially affecting the merits of the action" was committed—Fitzgerald v. Barker, 96 Mo. 661—and the judgment must, therefore, be affirmed.    The other judges concurring, it is so ordered.