## GUY E. DIXON, Respondent, v. M. C. McDONNELL, Appellant.

### St. Louis Court of Appeals, February 18, 1902.

1. **Bailment: CONTRACT: JUDGMENT: PROOF: ACTION.** A prima facie right to judgment is established by the owner of an animal, or other property bailed, proving the bailment, his own performance of the contract, a demand for the return of his property, a failure or refusal by the bailee to return it, and its value.

2. ———: ———: ———: ———: **NEGLIGENCE.** And when the prima facie case is thus made, the defendant must then acquit himself of blame and, perhaps, must show affirmatively he was guilty of no negligence.

3. **Trial Practice: ERROR.** Error in a trial which was self-invited by an appellant is no ground for the reversal of a judgment.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Chas. J. Wright* for appellant.

(1) Presumption is that defendant did not use ordinary care, and from the alleged answer of defendant negligence is inferred. Rayl v. Kreilich, 74 Mo. App. 246. (2) Can not contract against negligence. Witting v. Railroad, 101 Mo. 637. (3) In this case the means of showing how the colt was killed is with the defendant and not with the plaintiff. Witting v. Railroad, 101 Mo. 631. Plaintiff proved his own-

ership, delivery of the colt in good condition to defendant, payment of consideration for pasturing and feeding, the value, request for delivery and failure to re-deliver on demand. He thereby made a prima facie case of negligence. Rayl v. Kreilich, 74 Mo. App. 246; Casey v. Donovan, 65 Mo. App. 521.

*Wear & McGregor* for respondent.

(1) When the thing bailed is lost or injured, the bailee is bound to account for such loss or injury, but when this is done, the proof of negligence or want of care is thrown on the bailor. Winston v. Taylor, 28 Mo. 82. (2) These bailees are bound only to take ordinary and reasonable care of the bailment, and are responsible only for ordinary negligence. Rey v. Teney, 24 Mo. 600. Agister of cattle is not an insurer of the safe keeping, and is answerable only in case of negligence. Ibid. To the same effect is McCarthy v. Wolfe, 40 Mo. 520. Ordinary negligence is the want of ordinary diligence. Bouvier Law Dict. Express contract excludes implied. The law will not imply a promise when there was an expressed promise; so the law will not imply a promise of any person against his own express declaration, because such declaration is repugnant to any implication of a promise. Suits v. Taylor, 20 Mo. App. 166. No contract can be implied where an express contract exists in reference to the same subject-matter. Houck v. Bridwell, 28 Mo. App. 644.

GOODE, J.—In this action the plaintiff seeks to recover the value of a colt that belonged to him and was placed on the defendant's pasture under a contract of agistment. The colt was killed while in the defendant's charge by falling into a cistern which had been dug in the pasture, or was accessible therefrom. A covering, supposed to be close and strong enough to prevent such an accident, had been put over the cistern, but in some manner it became open on one side so that plaintiff's colt fell through.

The petition simply states the contract of bailment, that the animal was to be restored to plaintiff by the defendant on demand, that a demand had been made and the defendant failed and refused to return the colt; that plaintiff had paid the price of the pasturage and therefore judgment was prayed for the value of the colt as being the damage sustained by the plaintiff. Those allegations constituted a good cause of action according to the decisions in this State in an action by a depositor against a bailee for loss of the article bailed. Cummings v. Mastin, 43 Mo. App. 558.

The answer admitted the bailment and pleaded that the colt had been killed in the manner stated without fault or negligence on the part of the defendant and the replication was a denial of the answer.

Testimony was introduced by the plaintiff which proved the contract with the defendant for pasturage, a demand for the return of his colt, defendant's failure to comply with it and the value of the animal.

Defendant then introduced evidence to prove the colt was killed without his fault, showing how the cistern was covered and that he risked his own stock in the inclosure where it was.

The case was tried without a jury; the plaintiff requested no declarations of law, the defendant requested four, and the court gave them all, thereby adopting the defendant's theory of the case, which was that the burden of proof was on the plaintiff and he was required to show by a preponderance of the evidence that the defendant failed to use ordinary care to provide a safe lot or pasture in which to keep the colt; that defendant was not required to use more than ordinary care in safely caring for it; that he was not an insurer of it against accident, but was liable only if he used less than the discretion and care of an ordinarily prudent man.

Such were substantially the theories which the appellant

Vol 92 app—31

propounded in the declarations of law submitted by him and which received the trial court's approbation.

That plaintiff omitted to charge defendant with negligence in the replication is assigned for error, but we suppose not seriously; because defendant affirmatively pleaded in his answer that the colt was killed without fault or negligence on his part, thus tendering an issue to the plaintiff as to defendant's negligence on which issue there was a joinder by the replication.

Besides, if there had been no replication filed at all, it would not affect the result unless a motion for judgment on the pleadings was made, or in some way advantage was sought to be taken of the omission in the court below.

But it is said the plaintiff offered no evidence to show defendant was guilty of negligence and, therefore, the latter was entitled to judgment. As the law stands in this class of cases, a prima facie right to judgment is established by the owner of an animal, or other property bailed, proving the bailment, his own performance of the contract, a demand for the return of his property, a failure or refusal by the bailee to return it, and its value. In other words, if the bailee does not restore the thing bailed, that is, fails to comply with his agreement, he must excuse himself for the failure to comply by showing he is unable to do so and that his inability is due to no fault of his own. This follows as a logical consequence from the requirement in regard to what the owner must plead; for a party need never prove more than he must plead to show a prima facie right to judgment. And, aside from general principles, there are direct precedents. Cummings v. Mastin, supra; Wiser v. Chesley, 53 Mo. 547; Casey v. Donovan, 65 Mo. App. 521.

It is further urged that when defendant had shown the death of the colt as his excuse for failing to return it, it devolved on the plaintiff to show such loss occurred through the defendant's negligence. We understand the law to be that a

plaintiff makes a prima facie case as stated by proving the allegations of his petition and that a defendant must then acquit himself of blame in such circumstances as these and, perhaps, must show affirmatively he was guilty of no negligence (Goodfellow's Exc'rs v. Meegan, 32 Mo. 280; Rayl v. Kreilich, 74 Mo. App. 246); but the court imposed on plaintiff the burden of proving defendant's negligence in this case by declarations of law given at the latter's instance.  As all the evidence was before the court, it is immaterial as to the order in which it was let in or whether plaintiff's proof came before or after defendant's or both before and after.  The only question is, did the evidence palpably and completely exonerate the defendant or was there testimony from which the inference of negligence on his part could be legitimately drawn?  If there was, the finding of the court sitting as a jury ends the matter; and we are unable to say the evidence so plainly shows the innocence of McConnell and that he took all precautions that a reasonably prudent man would have taken to prevent plaintiff's animal from being injured, as to justify us in holding that the circuit court's finding was unauthorized and set it aside.

Appellant now makes the point that McConnell testified he told Dixon when the contract to pasture the colt was made, he would not be responsible for any accident which might happen to the animal and, as no one contradicted this statement, it must be taken as true and defendant therefore held exempt from liability.  Waiving the question whether such a stipulation would be construed to mean the defendant and plaintiff contracted that the former should enjoy immunity from responsibility for an accident caused by his own negligence, as well as other accidents, the record shows the case was tried on the theory that defendant *was* liable for an injury to the colt due to his negligence and also shows the defendant himself invited the court to accept that theory in the form of declarations of law.  Error in a trial which was self-invited by an appellant is no ground for the reversal of a judgment; though

we by no means concede there was an error committed by the learned circuit judge, but merely see proper to dispose of this last assignment on the above principle.

The judgment is affirmed.   *Bland, P. J.,* and *Barclay, J.,* concur.