HEISER, Respondent, v. BERGER CATERING COMPANY, Appellant.

St. Louis Court of Appeals, December 17, 1907.

BAILMENT: Innkeepers: Baggage.   A suitcase left by a guest in charge of his innkeeper, constituted the innkeeper a bailee, whose duty it was to use ordinary care to keep it safely and deliver it on demand; a failure to deliver on demand of the guest, without any showing of care for its safekeeping, rendered the innkeeper liable for conversion.

Appeal from St. Louis City Circuit Court.—*Hon. Chas. Claflin Allen*, Judge.

AFFIRMED.

*Frank A. C. Macmanus* for appellant.

*Phil H. Sheridan* and *Henry B. Davis* for respondent.

BLAND, P. J.—The action is for the conversion of a suitcase and its contents and was commenced before a justice of the peace and in due course appealed to the circuit court. Plaintiff's evidence tends to show he is a resident of the State of Kentucky; that he arrived in the city of St. Louis on August 14, 1904, and registered at the Hotel Milton, situated on Eighteenth and Chestnut streets and was assigned a room. He took his suitcase to the room and stayed over night and on the following morning deposited it at the check room of the Hotel and received a check therefor. He attended the World's Fair during the day and returned to the hotel in the evening, occupying the same room over night. On the following morning (August sixteenth) he called a bell boy, to whom he gave his check with the request that he bring up his suitcase. The boy returned with the check, stating the suitcase could not be found. Plaintiff then reported the loss to the hotel clerk, who instituted a search but the suitcase was never found. Plaintiff offered evidence tending to prove the contents of the suitcase and the value both of the contents and of the case; also evidence showing defendant was the lessee of the hotel and conducted it in connection with and as an adjunct to its restaurant in the same building. There is no substantial countervailing evidence. The issues were submitted to the court, sitting as a jury, who, after hearing the evidence, found for plaintiff and assessed his damages at the proved value of the suitcase and its contents.

Defendant offered a number of declarations of law which the court refused to give. None of the declarations are copied into the abstracts. They are mostly mere abstract propositions of law and might have been given and yet the court could not have found a verdict different from the one it did find, for the reason the evidence is clear, positive and uncontradicted that defendant was the proprietor of the hotel where plaintiff stopped, that the house was advertised as a hotel and was, in fact, conducted as such. Defendant was a bailee of the suitcase and was required to use ordinary care to keep it safely and deliver it to plaintiff on demand. [Dixon v. McDonnell, 92 Mo. App. 479.] It failed to deliver the suitcase on demand or show that it exercised any care whatever to keep the same safely, and therefore is liable for its value and the value of the contents, in an action for conversion.

The judgment is for the right party and is affirmed. All concur.