## SMITH v. MAHER.

No. 10343—Opinion Filed Nov. 29, 1921.

(Syllabus.)

### 1. Animals—Pasture of Cattle—Liability of Bailee.

One with whom cattle has been left to pasture does not assume liability as insurer in the absence of a contract to that effect, and is not liable for loss of the cattle if he has exercised ordinary care for the safe-keeping of the cattle while under his control.

### 2. Same—Cattle Strayed or Stolen.

One with whom cattle has been left to

pasture is not relieved from liability to return the cattle because they have been lost by straying from the pasture or stolen unless the bailee exercised ordinary care for their safe-keeping.

### 3. Same—Action—Burden of Proof.

In an action by the bailor against a bailee for hire to recover the value of cattle, which the bailee has failed to deliver to the bailor, where the cattle have been in the exclusive possession of the bailee, the burden of establishing negligence rests upon the bailor, but this burden is satisfied when the bailor has shown a delivery of the property in good condition to the bailee, and a failure or refusal by the bailee to make delivery of the cattle upon demand, and such evidence on the part of the bailor is prima facie evidence of negligence and is sufficient to cast upon the bailee the burden of explaining his failure to return the cattle.

### 4. Same—Evidence—Prima Facie Case.

Where the owner of cattle left in the exclusive possession of another to pasture shows that he left the cattle with such person in good condition and that such bailee has failed to return part of the cattle, such evidence makes a prima facie case for the owner of the cattle, and in such a situation it is incumbent upon the bailee to satify the jury by the evidence that the loss of the cattle was consistent with the absence of fault on his part.

### 5. Trial—Instructions—Requested Instructions—Theory of Case.

It is the duty of the court to submit to the jury under proper instructions any theory of recovery or defense which the evidence tends to support, and in an action where the plaintiff has by special instruction requested the court to submit a theory of recovery and there is evidence tending to support the theory and the general instructions of the court fail to submit such theory, the refusal of the court to give the requested instruction constitutes a reversible error.

Error from District Court, Osage County; R. B. Boone, Judge.

Action by G. W. Smith against D. B. Maher to recover damages. Judgment for the defendant, and plaintiff appeals. Reversed and remanded, with directions to grant a new trial.

W. W. Vaughan and Hargis & Griffin, for plaintiff in error.

Grinstead & Scott, for defendant in error.

KENNAMER, J. G. W. Smith, plaintiff, commenced this action against D. B. Maher, defendant, in the district court of Osage county to recover $660 damages. The petition of the plaintiff in substance alleged that on or about the 10th day of July, 1917, plaintiff delivered to the defendant 30 head of cattle pursuant to the terms of an oral contract entered into between the plaintiff and the defendant, under the terms of which the defendant accepted the cattle for the purpose of pasturing them until such time as the defendant notified the plaintiff that the cattle were ready for market. That the defendant agreed to safely keep the cattle and redeliver the same when they were in proper condition to place upon the market, for which the plaintiff paid to the defendant the sum of $150. That on or about the 18th day of September, 1917, the defendant notified the plaintiff that his cattle were ready for shipment and that he was ready to redeliver the cattle to the plaintiff, and pursuant to this notice the plaintiff went to Pawhuska to receive the cattle. That the defendant failed to deliver six head of the cattle; the reasonable value of said six head being $660. That by reason of the failure of the defendant to deliver the six head of cattle the plaintiff was entitled to recover from defendant the value of said cattle in sum of $660.

The defendant filed answer to the plaintiff's petition, denying all of the allegations of the petition except such as were specifically admitted. Defendant admitted that he received the cattle for the purpose of pasturing the same for the plaintiff. That on or about the 18th day of September, 1917, he redelivered to the plaintiff 26 head of the 30 head of cattle delivered to him. Defendant alleged that he cared for the cattle in the same way and manner as he did his own cattle, which he had in the pasture in which the plaintiff's cattle were placed. That he cared for the cattle in a competent and diligent manner, and the fact that said cattle were not to be found was in no wise his fault.

To the answer of the defendant the plaintiff filed a reply, denying generally the affirmative allegations of the defendant's answer.

The cause upon the issues joined was tried to a jury, which returned a verdict for the defendant, and upon said verdict the court entered judgment in favor of the defendant.

The plaintiff, Smith, filed a motion for a new trial, which was overruled by the court, and this proceeding in error is prosecuted by G. W. Smith to reverse the

judgment of the trial court. The assignments of error are as follows:

"First. The court erred in overruling plaintiff's motion and grounds for a new trial.

"Second. Errors of law occurring at the trial prejudicial to the plaintiff in error and materially affecting his substantial rights in this:

"(a) Abuse of discretion on the part of the trial court in overruling plaintiff's challenges to certain jurors for cause.

"(b) The court erred in its instructions to the jury, each of the instructions so given being erroneous and contrary to the law of the case.

"(c) The court erred in refusing to give instructions Nos. 1 and 2 offered and requested by the plaintiff.

"(d) The verdict of the jury is not sustained by sufficient evidence and is contrary to the law of the case."

The parties appear in this court as they appeared in the trial court and will be referred to as plaintiff and defendant.

Counsel for the plaintiff argue in their brief that the court abused its discretion in overruling the plaintiff's challenge for cause to a member of the jury whose examination upon his voir dire discloses in substance about the following state of facts: That he had been acquainted with the defendant since 1898, and that they had always been good friends. That he only knew the plaintiff when he saw him. That if selected as a member of the jury, he would try to do both parties justice. Among the questions asked the juror and his answers were the following:

"Q. Well, that is not my question— if the evidence in this case should show to your mind—proves to your mind that Mr. Smith was entitled to a judgment in this case, do you feel that you could render a judgment against your friend as readily as you could if he was not your friend? A. That is hard to answer truthfully. Q. How? A. I believe I could— I would not be positive. Q. You believe you could—you would not be positive— you would hate to have to render a judgment against your friend, wouldn't you? A. If he was in the wrong—if the evidence showed he was in the wrong, I would not; no, sir. Q. You could render it then? A. I could; yes, sir, if he was in the wrong. Q. And you would not hate to render that judgment? A. I probably would hate to, but then I would do it."

It is sufficient to say in reference to this assignment of error that, this being a civil action, not requiring a unanimous verdict, and if this were the only error complained of and the record disclosed that the judgment of the court entered upon the verdict of the jury was in our judgment substantially correct, we would deem any error committed in overruling the challenge for cause of the plaintiff to this juror insufficient to reverse the cause upon; but upon an examination of the whole record in this cause, having concluded that the judgment should be reversed, we believe it proper to say that the challenge for cause of this juror should have been sustained. A juror, who states that by reason of his friendly relations with one of the parties to the action he cannot be positive whether he could as readily render a verdict against such party as he could against a party not his friend, is unquestionably biased in favor of his friend. Every litigant is entitled to have his cause submitted to an absolutely fair, impartial, and unbiased jury. It is a matter of common knowledge and experience that a close personal friendship of long standing between a party to an action and members of a jury places the other party to the action, who happens to have no close personal friends among the members of the jury, at a great disadvantage. Section 4997 of Revised Laws of 1910 provides as a ground for challenge for cause partiality for either party and the answers of the juror under consideration show that on account of his friendship for the defendant he would almost be less than human if he failed to be biased in favor of the defendant. Therefore, the court should have sustained the challenge for cause.

The second proposition presented by the plaintiff challenges the correctness of the court's instructions to the jury. We have examined the instructions given the jury, and it appears that the court correctly instructed the jury as to the duty of the defendant in caring for the cattle while in his possession and correctly defined ordinary care as follows:

"By the term ordinary care and diligence is meant that degree of care as a man of ordinary prudence would exercise under the same or similar circumstances with reference to his own property."

The court then, in substance, instructed the jury that the plaintiff was seeking to recover upon two theories: First, upon a specific contract under the terms of which the defendant was bound to safely keep the cattle and redeliver them to the plaintiff, or, in substance, that the defendant was an insurer of the safety of the cattle. Second,

that in the event the jury failed to find in favor of the plaintiff under the specific terms of the contract, then the jury should determine if the defendant was liable as a bailee of property for hire where he had failed to exercise ordinary care for the safe-keeping of the cattle or was negligent and had permitted said cattle to become lost. The court then, in the latter part of his instructions, gave this instruction:

"Should you fail to find for the plaintiff by a fair preponderance of the evidence, under either of the above instructions, you will return a verdict for the defendant."

We believe as an abstract proposition of law that the instruction is supported by many authorities, but under the admitted facts in the case at bar, a delivery of the cattle having been made to the defendant by the plaintiff and a failure on the part of the defendant to redeliver all the cattle to the plaintiff, the instruction as given was error. While it is true in this jurisdiction that a general exception to instructions as a whole, where part of the instructions are unobjectionable, is insufficient to predicate error upon an appeal (Shelby v. Shaner, 28 Okla. 605, 115 Pac. 728), nevertheless, in the case at bar the plaintiff requested the court to give the following instructions:

"You are instructed that the contract between the plaintiff and the defendant herein is what is known in law as a bailment for hire, in which the plaintiff is the bailor and the defendant is the bailee, and you are further instructed that the burden of proof is upon the plaintiff to make out a prima facie case against the defendant, that is, he must show the creation of the contract, the delivery of the property to the exclusive possession of the defendant, the acceptance of such property by the defendant and the default of the defendant in making final delivery of the cattle or some part of them to him, and the value thereof, and when the plaintiff has made out such a case, if he has done it, then it rests upon the defendant to explain the loss and exonerate himself, if he can do so, and this he may do by showing that the loss was due to some special cause, against which he could not guard by the exercise of careful attention, and due diligence."

The instruction was by the court refused, and exceptions allowed. It may be true that the plaintiff was not entitled to have the instruction given in the particular language as requested, but we do believe that it in substance states a correct proposition of law. That part of the requested instruction advising the jury as

to how the defendant could exonerate himself from liability by exercising "careful attention and due diligence" is objectionable, in that it should have said "by the exercise of ordinary care and prudence"; but the plaintiff was entitled to have the jury instructed as to how much evidence was necessary upon his part to make a prima facie case. It is the duty of the court to submit to the jury under proper instructions the theory of a party to an action where there is any evidence tending to support it, and where the general instruction given by the court fails to present the theory of a party to an action and the court refuses a special requested instruction that in substance presents the theory of such party to the jury, such refusal constitutes reversible error. Spurrier Lumber Co. v. Dodson, 30 Okla. 412, 120 Pac. 934; Mountcastle v. Miller, 66 Okla. 40, 166 Pac. 1057; Mills, Receiver, Ft. Smith & W. R. Co. v. Hollinshed, 82 Okla. 250, 200 Pac. 200.

Upon examination of the instructions given by the court in the case at bar, we fail to find anywhere in the instructions where the court instructed the jury in substance as requested by the plaintiff in instruction No. 2. The court correctly instructed the jury that the burden of proof was upon the plaintiff to recover under his second theory in the cause, which involved the law applicable to bailment for hire, but it does not appear from the instructions that the court advised the jury that proof of a delivery of the property by the bailor to the bailee and the failure of the bailee to return the property was sufficient to satisfy the burden resting upon the bailor, and that such proof made a prima facie case in favor of the bailor, as plaintiff, against the bailee, as defendant.

The rule seems to be supported by the great weight of modern authority that proof of the delivery of chattels by bailor to bailee in good condition and the failure of the bailee to make a redelivery of the property, where he has been in the exclusive possession of the same, or a return of it in a damaged condition is prima facie evidence of negligence sufficient to cast upon the bailee the burden of accounting for nondelivery or the injury. This rule does not conflict with the rule that the burden is upon the plaintiff to establish negligence, but this burden has been met when the bailor establishes the delivery of the property to the bailee and a nondelivery on the part of the bailee

at the time a redelivery is due the bailor. The plaintiff in an action of this kind has established his cause of action when he proves the delivery of the property to the bailee and a failure or refusal of redelivery by the bailee. 6 C. J. (Bailments) sec. 160; Stone v. Case, 34 Okla. 5, 124 Pac. 960, 43 L. R. A. (N. S.) 1168; Beck v. Wilkins-Ricks Co. (N. C.) 102 S, E, 313, 9 A. L. R. 554; Ware Cattle Co. v. Anderson et al., 107 Iowa, 231, 77 N. W. 1026; 3 C. J., sec. 79; Crawford v. Cashman & Son, 82 Mo. App. 554; Nutt v. Davison (Colo.) 131 Pac. 390.

In the case of Nutt v. Davison, supra, the court, in an opinion of Mr. Justice White, said:

"The general rule is that in cases where the evidence shows that the property was delivered to the bailee in good condition and returned damaged, or not at all, the presumption of negligence on the part of the bailee instantly arises, making a prima facie case in favor of the bailor, and thereupon the bailee is under the necessity, if he would escape liability, of showing that the damage or loss was not due to his negligence. This may be done, inter alia, by showing that he exercised a degree of care, under all the facts and circumstances, sufficient to overcome the presumption of negligence. Union Pacific R. R. Co. v. Stupeck, 50 Colo. 151, 114 Pac. 646; Schouler's Bailments & Carriers (3rd Ed.) par. 23; 5 Cyc., p. 217; 3 Am. & Eng. Ency. of Law (2nd Ed.) p. 750; Funkhouser v. Wagner, 62 Ill. 59; Higman v. Camody, 112 Ala. 267, 20 South. 480, 57 Am. St. Rep. 33".

So we conclude, upon an examination of these authorities, that the court should have instructed the jury, as requested by the plaintiff, that the plaintiff had established his cause of action when he proved a delivery of the cattle to the defendant and a failure on the part of the defendant to make a redelivery of a part of the cattle. In making this proof the plaintiff had established a prima facie case, and the presumption then arose, as to that part of the cattle not redelivered, that the defendant had converted them to his own use or that he had negligently permitted them to be lost. Then, in this situation, it was incumbent upon the defendant to introduce sufficient evidence to overcome the prima facie case as made by the plaintiff, and if the defendant failed to introduce evidence sufficient to establish a state of facts which would overcome the presumptions arising from the evidence introduced by the plaintiff, then the plaintiff was entitled to a verdict.

Upon an examination of the record in this case we are unable to say what the verdict of the jury might have been, had the court properly instructed the jury that the cause of action of the plaintiff was established upon proof of the delivery of the cattle to the defendant and a failure of the defendant to redeliver the cattle at the designated time, and we are not unmindful of the rule of law well established in this jurisdiction that this court will not reverse a judgment, where there is any evidence reasonably tending to support the verdict of the jury, by reason of error in instructing the jury, where it is apparent that such error has not resulted in a miscarriage of justice, but upon the examination of the whole record in this cause we are convinced that the plaintiff has been denied a substantial right.

The evidence of the defendant discloses that he received 30 head of cattle about the middle of July, and they were in his exclusive possession until about the 20th of September, and during this time he never at any time counted the cattle, although only 30 in number, to ascertain if any of them had escaped; never at any time reported to the plaintiff that any of his cattle were gone; and the only explanation made, in substance, in the trial of the cause was that he did not know what had become of the cattle. His evidence fails to disclose that he had ever made inquiry of any of his neighbors or made any effort whatever to locate these cattle that he was receiving $5.00 per head to pasture and care for. Unquestionably it was incumbent upon him, as the court instructed the jury, to use ordinary care towards the subjects of his bailment. The court properly defined ordinary care to be such care and prudence as an ordinarily prudent person would exercise towards such property similarly situated. We hardly believe that any ordinarily prudent person, having lost six head of cattle worth $500 or $600, would fail to make some effort to ascertain what had become of them.

The judgment of the trial court herein is reversed and the cause remanded to the district court of Osage county, with directions to grant the plaintiff a new trial.

HARRISON, C. J., and KANE, JOHNSON, and MILLER, JJ., concur.