**DOWELL, Inc. v. LAYTON.**

No. 35639.

Supreme Court of Oklahoma.

June 16, 1953.

Rehearing Denied Oct. 6, 1953.

Application for Leave to File Second Petition for Rehearing Denied Oct. 20, 1953.

Monnet, Hayes & Bullis, Oklahoma City, Ezra Dyer, Ardmore, for plaintiff in error.

Fischl & Culp, Ardmore, for defendant in error.

O'NEAL, Justice.

Upon the return of the verdict for the defendant, plaintiff filed a motion for a new trial which was sustained by the trial court. Plaintiff's petition is based upon the following allegations:

James R. Morris, an employee of Dowell, Inc., on February 26, 1951, at 8:00 a. m., was driving Dowell's truck north on State Highway 76 at a point approximately ten miles north of Healdton, Oklahoma, at which point the driver of the truck turned left to enter an intersecting dirt road leading to an oil field; that plaintiff's intestate, Johnie C. Mahan, was driving an automobile in the same direction to the rear and south of the Dowell truck, and in attempting to pass said truck a collision occurred resulting in injuries causing Mahan's death.

The specific acts of negligence charged are as follows, to-wit:

(a) Defendant's driver did not give any signal or warning of his intention to make a left turn off of the paved highway;

(b) That as the driver of the truck made the left turn he slowed down his speed thereby extending the truck across the

paved highway preventing plaintiff's intestate in going around the truck;

(c) That defendant's driver immediately prior to making the left turn at the intersecting highways was operating the truck on the east edge of the highway, thus preventing plaintiff's intestate in observing defendant's intention to make a left turn;

(d) That defendant's driver knew or should have known that plaintiff's intestate was driving his automobile in close proximity to defendant's truck;

(e) That defendant's driver in making the left turn violated the provisions of Title 47 O.S.1951 § 121.5 and specifically Subdivisions (4)(b), (4)(d), (4)(1), (4)(2), (4)(2)(e) and (f)(1), (2) and (3).

That the violation of the statutes contributed to the accident and resulting death of plaintiff's intestate.

Defendant answered by a general denial and a plea of contributory negligence alleging that plaintiff's intestate operated his automobile at an excessive rate of speed and failed to keep a proper lookout and to keep his car under control, which contributory negligence was the proximate cause of the accident and plaintiff's death.

After plaintiff had introduced its evidence in chief defendant interposed a demurrer thereto. At the close of all of the evidence in the case defendant interposed a motion for a directed verdict. The demurrer and motion for a directed verdict were overruled.

Twenty-four witnesses testified in the case. From a review of their testimony we conclude that the facts established were, in many respects, in conflict, and were of such a character as should be submitted to a jury for its final determination.

In passing upon plaintiff's motion for a new trial, the trial judge dictated into the record his reasons for granting the motion. They were as follows:

"By Mr. Bullis: If your honor please, in accordance with what I understand are the rights of the defendant, may I ask your honor to dictate into the record the reasons for granting new trial?

"By The Court: Yes, I wish we had had a reporter a while ago.

"By Mr. Bullis: I will be glad to have your honor repeat that.

"By The Court: I don't know what all I said. I might say the essence of my remarks made a few moments ago, made without the presence of the usual reporter, who had to go to the doctor and was expected back in a few moments, was that I am not fully satisfied with the instructions given, partly by reason of the alleged over-emphasis, as Mr. Fischl puts it, on the contention of the defendants regarding possible contributory negligence on the part of the decedent himself, and further, that by reason of an opportunity since the time of trial to examine the premises or the area in which the accident occurred, I got a different impression from what may have happened than the impression that was left upon me during and throughout the trial, and such impression would necessarily from my observation be in favor of the plaintiff here, but I believe justice will be fairly subserved by giving the litigants another opportunity to submit this case to a new jury. The verdict received at the hands of the first jury is therefore set aside. Is anything left out? I am not trying to dictate a record in favor of the plaintiff, I am trying to give my reasons—

"By Mr. Bullis: As I understand it, the reason you are setting aside the verdict is because of the instructions?

"By The Court: Yes, I could go on and tell you about the difference that I believe sometimes exists in what a person may think his ability is to judge the speed of an automobile. That was for the jury as to whether they wanted to believe that, not for me to do, but I don't have nearly as much confidence in the average layman's ability to estimate the speed of a moving vehicle as I used to have."

Defendant here argues that the court's order setting aside the verdict is an

unwarranted exercise of judicial power. He cites in support thereof the case of Belt v. Morris, 168 Okl. 528, 34 P.2d 581, wherein we held:

"The phrase 'discretion of court,' as applied to granting and denying new trials, means a legal discretion, to be exercised in discerning the course prescribed by law according to principles ascertained by adjudged cases, and always for the purpose of giving effect to the will of the law."

As shown by the trial court's statement, supra, in passing upon plaintiff's motion for a new trial, the judge was of the opinion that he had over-emphasized the defendant's theories of the case to the prejudice of the theories of the plaintiff.

Defendant here asserts that an examination of the instructions as a whole refute plaintiff's assumption and therefore the trial court erred upon a pure, simple and unmixed question of law, and that therefore the order granting a new trial should be vacated.

Defendant cites in support of its position the case of Browne v. Bassett, 191 Okl. 22, 126 P.2d 705, wherein this court held:

"Where a new trial is granted and the court states that the reason therefor was the giving of an erroneous instruction and where it appears that such instruction was correct and properly given the action of the court in granting a new trial presents error as a pure and unmixed question of law and in such case the order granting a new trial will be reversed."

The record discloses that plaintiff requested the trial court to give its Instructions Nos. 1, 2, 3, 4 and 5. Defendant requested that the court give its Instructions Nos. 1, 2, 3 and 4. The trial court refused to give defendant's requested Instruction No. 1, which requested a directed verdict in its favor. Defendant's Instruction No. 2 was given by the court as its Instruction No. 10. This Instruction told the jury that it was the duty of the plaintiff's intestate to exercise ordinary care in the operation of his automobile and if he failed so to do, which failure caused the accident, plaintiff could not recover.

Defendant's Instruction No. 3 was given by the court as its Instruction No. 11. This Instruction advised the jury that if they found plaintiff's intestate operated his automobile in excess of 65 miles per hour, it was negligence per se and if such speed was the proximate cause of the accident, their verdict should be for the defendant.

Defendant's Instruction No. 4 was given by the court as its Instruction No. 12. This Instruction advised the jury that although the speed limit was 65 miles per hour, that plaintiff's intestate was also required to operate his car in a reasonably safe manner, taking into consideration the traffic and the condition of the highway, and to operate it in such a manner as to permit him to stop within the assured clear distance ahead. The question of such care, or want thereof, is left to the jury for its decision.

With reference to plaintiff's requested Instructions Nos. 1, 2, 3, 4 and 5, we find that plaintiff's requested Instruction No. 1 was given by the court as its Instruction No. 6. In Instruction No. 6, the court advised the jury that any person driving a vehicle upon a highway should drive it in a reasonable and prudent manner, not faster or slower than is reasonable, having due regard to the condition of the traffic and the character of the highway at or near the place of the accident.

Plaintiff's requested Instruction No. 2 was given by the court as its Instruction No. 7. This Instruction advised the jury that under the law the speed limit for all passenger cars on the highways of this State during the daytime was 65 miles per hour, but that the speed limit must be considered in connection with the court's previous Instruction No. 6 (which Instruction No. 6 was plaintiff's requested Instruction No. 1).

Plaintiff's requested Instruction No. 3 was given by the court as its Instruction No. 8. In Instruction No. 8 the court advised the jury that a driver of a vehicle has a right to pass another vehicle going in the same direction, and in doing so to

cross over to the lefthand side of the highway if said passage is in compliance with the rules governing the use of the road.

Plaintiff's requested Instruction No. 4 was given by the court as its Instruction No. 9. In this Instruction the court told the jury that a driver of a vehicle intending to make a left turn at an intersection, shall approach the turn in that portion of the right half of the roadway nearest the center thereof, and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center of the roadway being entered; that no turn shall be made by a vehicle at an intersection unless, as heretofore stated, the driver of such vehicle shall indicate his intention to turn at least 100 feet prior to perfecting the turn.

Plaintiff's requested Instruction No. 5 was to the effect that no vehicle shall make a turn on the highway with intention to travel in an opposite direction at or near the crest of a grade where the turning signal cannot be seen by other drivers of vehicles approaching from either direction within 500 feet.

We have thus shown that the trial court gave four of plaintiff's requested Instructions and four of the defendant's requested Instructions. The trial court properly denied defendant's requested Instruction No. 1 for a directed verdict, and also properly denied plaintiff's requested Instruction No. 5, for the reason that there was no adequate proof to warrant the submission of the instructions. An examination of the record as a whole discloses that each instruction was based upon relevant and competent evidence with reference to an issuable fact in the case.

Plaintiff here specifically urges error in the court's Instruction No. 8, but as we have heretofore pointed out, Instruction No. 8 is in the identical language as plaintiff's requested Instruction No. 3. Clearly, plaintiff cannot here complain of error, if any, which he has invited.

If for the sake of argument it be conceded that the court should have included in Instruction No. 8, the rules of the road as provided by 47 O.S.1951, 121.4 governing the overtaking and passing of vehicles going in the same direction, such an Instruction would have placed a greater burden upon plaintiff than in the instruction as given and as requested by plaintiff. We concede that plaintiff is entitled to have all controverted issues supported by proof submitted to the jury by proper instructions.

Plaintiff's reliance on Smith v. Maher, 84 Okl. 49, 202 P. 321, 23 A.L.R. 270, does not serve him. That case holds that where the plaintiff requested the court to submit a theory of recovery supported by proof, and the general instructions of the court fails to submit such theory, the refusal of the court to give the requested instruction constitutes reversible error.

In the case before us the court gave plaintiff's instruction in the identical words as requested by him. Plaintiff further contends that the court's Instructions Nos. 10, 11 and 12 are fatally defective as they told the jury that the acts of the deceased constituted contributory negligence. In support of that contention plaintiff cites the cases of Folsom-Morris Coal Mining Co. v. Scott, 107 Okl. 178, 231 P. 512 and Owens v. Turman Oil Co., 183 Okl. 182, 80 P.2d 576. In the latter case, we said:

"An instruction to a jury which tells them that if they find from the evidence that the plaintiff was guilty of certain acts of conduct, that such acts of conduct constitute contributory negligence, is erroneous."

A fair reading of Instructions Nos. 10, 11 and 12 in each instance left to the jury the question of determining the contributory negligence of the plaintiff and its causal connection resulting in the accident and injury.

We have heretofore held that where either party pleads and submits proof of a violation of a statute, that an instruction advising the jury that such violation is negligence per se, is proper. This rule is stated in Burton v. Harn, 195 Okl. 232, 156 P.2d 618, wherein we held:

"Where each of the parties pleads city ordinances and alleges that the opposite party was guilty of negligence

by violation of the same, and there is evidence reasonably tending to support such allegations, it is proper for the court to instruct the jury that such violation, if proven, constitutes negligence per se."

Plaintiff here strenuously argues that the granting of a new trial is discretionary and the court's judgment can only be vacated if it is shown it acted arbitrarily or abused its discretion or has manifestly erred in some pure, simple and unmixed question of law. Reyes v. Goss, 205 Okl. 140, 235 P.2d 950; Harper v. Pratt, 193 Okl. 86, 141 P.2d 562.

Applying the rule to the instant case, we find that plaintiff makes no complaint that the verdict is contrary to the evidence or not supported by sufficient evidence to sustain it. Our consideration of the instruction leads us to the conclusion that the trial court fully and adequately submitted all issuable facts to the jury under proper instructions.

The trial judge's comment as dictated into the record discloses that he was not fully satisfied with his instructions because he thought he over-emphasized defendant's theories of the case. What we have heretofore said completely negatives that assumption. The judge then stated that since the trial he had visited the premises where the accident occurred, and from such an examination he now had a different impression from what may have happened than the impression that was left upon him during the trial.

 It would establish a dangerous precedent to hold that a verdict of a jury upon controverted evidence properly submitted to a jury, under applicable principles of law, could be set aside because a trial judge went out upon a public highway and from the view thereof concluded that his first impression, which was based upon the sworn testimony of witnesses, should be disregarded for his subsequent impression. It would be equally contrary to our view of the law that the trial court's inability to agree that the average layman is incompetent to estimate the speed of a moving vehicle, justifies the vacation of the verdict returned.

The weight of authority is to the effect that any person, otherwise competent, who has observed automobiles in motion may, from his experience and observation, state the speed of a car. Moreover, plaintiff introduced both lay and expert witnesses who testified as to the speed of the Mahan car immediately prior to the accident.

Defendant's witnesses also testified on the same question. That issue was resolved by the jury under its verdict.

We are of the view that the granting of plaintiff's motion for a new trial in this proceeding was an abuse of the trial court's discretion. The case is reversed with instructions to enter judgment in favor of the defendant.

HALLEY, C. J., and JOHNSON, V. C. J., and CORN, DAVISON, and WILLIAMS, JJ., concur.