## CITY OF CUSHING v. BAY.

No. 10179—Opinion Filed June 7, 1921.

(Syllabus.)

1. **Trial — Instructions — Sufficiency — Requests.**
When the instructions of the court have in substance given that which is requested in a special instruction, it is not error for the court to refuse to give the special instruction.

2. **Same—Defining Terms in Instructions.**
It is not error for the court to refuse to define a word of general and accepted meaning, which is understood by men of reasonable intelligence in all walks of life, and has a well-understood, accepted, and general meaning.

3. **Waters and Water Courses—Pollution of Streams—Action for Damages—Sufficiency of Evidence.**
Evidence examined and found sufficient to sustain the verdict returned by the jury.

Error from District Court, Payne County; John P. Hickam, Judge.

Action by A. A. Bay against the City of Cushing for damages resulting from pollution of stream. Judgment for plaintiff, and defendant brings error. Affirmed.

J. M. Grubbs, for ·plaintiff in error.

F. A. Rittenhouse and R. A. Lowry, for defendant in error.

PITCHFORD, J. This action was instituted in the district court of Payne county, Oklahoma, by A. A. Bay, as plaintiff, against the city of Cushing, as defendant, to recover damages alleged to have been sustained by plaintiff by reason of the pollution of Cottonwood creek, which flows across an 80-acre tract of land belonging to plaintiff and situated southeast of the city of Cushing; the alleged pollution being caused by the overflow of the city's septic·tank into said creek. Judgment was recovered against the defendant, to reverse which this appeal is prosecuted.

The defendant insists that the court committed error in refusing certain instructions requested by the defendant. Comparing the instructions given with those requested and refused, we find that the requested instructions were to all intents and purposes covered by those given by the court in its general charge.

One of the contentions of the defendant is that there was error in the court refusing to give a separate instruction on the burden of proof. We are unable to see wherein the jury could possibly have been mislead by the failure of the court to make this a separate instruction. The instructions are to be regarded as a whole and considered together. The jury were instructed that the burden of proof was upon the plaintiff to establish the allegations of his petition, and were instructed that they must find from a preponderance of the evidence that the defendant had committed the acts charged in the petition.

In Oil Fields·& S. F. Ry. Co. v. Treese, 78 Okla. 25, 187 Pac. 201, the fifth paragraph of the syllabus is as follows:

"When the instruction of the court has in substance that which is requested in a special instruction, then it is not error for the court to refuse to give the special instruction."

In Midland Valley Ry. Co. v. Clark, 78 Okla. 121, 189 Pac. 184, the rule is stated as follows:

"No judgment will be set aside or new trial granted by an appellate court of this state in any case upon the ground of misdirection of the jury unless, in the opinion of the court to which the application is made after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

To the same effect, see Harwell, King & Co. v. Duncan Brothers, 80 Okla. 74, 194 Pac. 115.

It is further contended· by the defendant that the court committed error in not defining the term "preponderance of the evidence." We do not consider that this was necessary. The meaning of the word "preponderance" is understood by everyone of ordinary intelligence. It has the same meaning when applied to evidence as applied in ordinary conversation. Webster's New International Dictionary defines the term thus: "to outweigh; to exceed or surpass in weight, force, influence, number, etc.; to overbalance."

In Jameson v. Flournoy et al., 76 Okla. 227, 184 Pac. 910, the second· paragraph of the syllabus is as follows:

"It is not error for the court to refuse to define a word of general and accepted meaning, which is understood by men of reasonable intelligence in all walks of life, and has a well understood, accepted, and general meaning."

It is the further contention of defendant that the verdict of the jury is excessive. Plaintiff alleged damages in the sum of $2,500. The jury returned a verdict for $450. From an examination of the record, we are not prepared to say that the verdict was excessive. On the contrary, if the jury believed the evidence of the plaintiff, which they evidently did, then the evidence fully justified the amount of damages as shown by the verdict.

Finding no error in the record, we conclude that the judgment of the trial court should be affirmed, and it is so ordered.

·HARRISON, C. J., and McNEILL, ELTING, and NICHOLSON, JJ., concur.