## DOGGETT et al. v. DOGGETT.

Nos. 6273, 6527—Consolidated. Opinion Filed

Nov. 1, 1921.

Rehearing Denied Jan. 17, 1922.

Leave to File 2d Petition for Rehearing Denied Feb. 21, 1922.

(Syllabus.)

**1. Divorce—Pleading—Amendment — Effect of Stipulation.**

Section 4964, Revised Laws 1910, provides that a petition for divorce must be verified as true, and the provision of said section is mandatory; but where leave is granted by the court to make such an amendment, the better practice is to actually make the amendment, but in a contested case where the parties, after the court has granted leave to amend, stipulate in open court to proceed with the cause as if the amendment had been actually made and the court and the parties to the action proceed with the cause and treat the petition as amended, the action of the parties in treating the pleading as amended will preclude them from predicating error upon the failure to amend, and on appeal this court will treat the petition as having been amended to comply with the statute.

**2. Appeal and Error — Invited Error — Change of Theory on Appeal.**

A party on appeal in the Supreme Court will not be permitted to secure a reversal of a judgment upon error which he has invited and acquiesced in, or to assume a position inconsistent with that taken in the trial court, and it is the imperative duty of counsel representing a litigant to specifically call to the attention of the trial court in his motion for a new trial any error which he relies upon for a reversal on appeal.

**3. Husband and Wife—Permanent Alimony —Defense—Prior Adjudication.**

In a suit by the wife for a decree of divorce and permanent alimony or an equitable division of the property of the husband and wife, an order of the court awarding the wife a temporary allowance of so much money per month under the further order of the court in a former action by the wife for divorce and alimony where the divorce was denied, cannot be pleaded in bar of the plaintiff's rights to recover permanent alimony and division of the property in a subsequent action. Lewis v. Lewis, 39 Okla. 408, 135 Pac. 397.

**4. Divorce—Permanent Alimony—Decrees—Affirmance.**

Record in the case examined, and held. that the decrees of the court should be affirmed.

Error from District Court, Noble County; A. H. Huston, Judge.

Action by Anna E. Doggett against Elmer E. Doggett et al. Judgment for plaintiff for decree of divorce and division of property. Defendants bring error. Affirmed.

H. A. Smith, A. Duff Tillery, and H. A. Johnson, for plaintiffs in error.

P. W. Cress, for defendant in error.

KENNAMER, J. This action, No. 6273, was instituted in the district court of Noble county by Anna E. Doggett, as plaintiff, against Elmer E. Doggett, H. A. McCandless, the Exchange Bank of Perry, and John M. Morgan, as defendants. The action as to the defendant Elmer E. Doggett was to recover permanent alimony and have an accounting as to their property right, and the defendants H. A. McCandless, the Exchange Bank of Perry, and John M. Morgan were made parties on account of equities, mortgages, and interest in the property of plaintiff and defendant Elmer E. Doggett.

A second amended petition was filed by the plaintiff, the material allegations of which, in substance, are as follows: That plaintiff, Anna E. Doggett, and defendant Elmer E. Doggett were married on the 24th day of May, 1885, in Marshall county, state of Kansas, and have ever since said date been husband and wife; that for the past 18 years the home of the plaintiff and the defendant Elmer E. Doggett has been in Perry, Noble county, Oklahoma; that on account of the fault of the defendant Elmer E. Doggett they had lived separate and apart for more than the last past two years; that during

the time the said plaintiff and defendant cohabited together the said plaintiff discharged her duties as a faithful wife; that the defendant Elmer E. Doggett, for a long time prior to the separation, had been guilty of extreme cruelty toward the plaintiff, in that he frequently addressed to the plaintiff approbrious and insulting epithets, and made frequent threats of personal violence, and for a number of years had shown a total want of love and affection for the plaintiff, also displayed a feeling of hatred and ill will toward her; that the defendant Elmer E. Doggett, within the past year, at divers and sundry times, in the county of Noble, and at divers and sundry times in the city of Perry, in said county, consorted and cohabited with lewd and lascivious women; that the plaintiff is unable to state the true names of said women or to give the various instances, but among the numerous instances of said misconduct plaintiff avers that said defendant Elmer E. Doggett, during the fall of 1912, in the city of Perry, Noble county, Oklahoma, at the hotel on the east side of the public square, committed adultery with a certain woman, whose name the plaintiff is unable to state. The petition also alleged that the defendant Elmer E. Doggett had struck and abused this plaintiff, causing contusions upon her head and arms.

The petition, as to the property rights, alleged the defendant had earned large sums of money and property; that he concealed and secreted and had in his possession aggregating the sum of $15,000; that for the purpose of defrauding the plaintiff out of her rights in and to the property, and means of support, the defendant Elmer E. Doggett and the defendant H. A. McCandless, cashier of the Exchange Bank of Perry, connived and conspired to conceal the facts in relationship to the ownership of said property for the purpose of defrauding the plaintiff. The plaintiff prayed the judgment of the court for an accounting between her and the defendants, and that the true relation between them and the relation of indebtedness each toward the other be ascertained and determined, and that out of the funds and properties of said defendant Elmer E. Doggett the court make provision for separate support and maintenance of this plaintiff for suit money, attorney's fee, and alimony and such other and further relief as might be just and equitable in the premises.

The cause came on for trial on the 29th day of September, 1913, and the plaintiff asked leave of the court to amend her petition filed in the action by verifying the same, which leave was, by the court, granted, and

thereupon counsel for the plaintiff and the defendant agreed in open court that the petition and the answer should both be treated as verified, and upon the 1st day of October, 1913, at the close of the testimony, the plaintiff asked leave of the court to amend the prayer of her petition by praying the judgment of the court for a decree of divorce, which the court granted, and the respective parties to this action in all the subsequent proceedings, after said orders were made, treated the pleadings as properly verified. After the evidence in said cause was concluded on the 1st day of October, the defendant requested time within which to file brief, which the court allowed, and the cause was continued until the 11th day of October, and on said date the court rendered its decree and judgment awarding the plaintiff a divorce from the defendant Elmer E. Doggett, upon the ground of adultery, and awarded her certain property described in the decree as her just part of the property involved in the action.

The defendants filed motion for a new trial, which was overruled by the court, and from the judgment and decree entered in the cause and the order overruling their motion for a new trial the defendants have appealed and assigned 23 assignments of error. For convenience, the parties will be referred to as they appeared in the trial court.

The first two assignments of error presented and argued by counsel for the defendants are that a petition for alimony alone should be verified, and that a court is not authorized in any case to grant a divorce upon an unverified petition.

In the case at bar, according to the record as amended, counsel for the defendants and the plaintiff, when the plaintiff obtained leave to amend her petition by verifying the same in open court, consented to proceed with the trial of the cause and consider the pleadings as verified, and thereafter the pleadings were considered as verified by the respective parties. And, for the purposes of this cause on appeal, this court will treat the pleadings in the same manner and way as the parties did in the trial of the cause. While it is the better practice to make the amendment after leave to amend has been granted by the court, nevertheless the rule appears to be supported by the weight of authority that if the cause is tried after the order to amend has been entered without the amendment having been actually made, the necessity for making it is thereby obviated. The reason for the rule is that the order to amend stands for the amendment. 31 Cyc. 387-388; Carter v. Fischer, 127 Ala. 52, 28 South. 376;

Excelsior Mfg. Co. v. Boyle et al., 46 Kan. 202, 26 Pac. 408; Johnston v. Farmers' F. Ins. Co., 106 Mich. 96; Holland's Heirs v. Crow et al., 34 N. C. 275.

This court, in the case of Ferris v. Jones, 78 Okla. 154, 189 Pac. 528, approved the rule as announced in the above cases, that if leave be granted to amend but the amendment be not actually made, the order to amend stands for the amendment.

There is another important rule of law which denies to the defendant the right to assail the judgment in this case by reason of the error in not having the petition of the plaintiff verified, and that is that a party cannot complain of error which he has invited. The wisdom of this rule is undoubted and unquestioned, and supported almost universally by the authorities. Gaskill v. Washington Water Power Co., 17 Idaho, 128. 105 Pac. 51; Mercer v. McPherson, 70 Kan. 617, 79 Pac. 118; Rice v. Goodridge, 9 Colo. 237, 11 Pac. 91; Ardmore Oil & Milling Co. v. Robinson, 29 Okla. 79, 116 Pac. 191.

The requirement of the statute that a petition be verified is for the purpose of showing that the jurisdiction of the court in a divorce cause is invoked in good faith, and to guard against collusion and bad faith of the parties to the action. After reading the voluminous record in this cause and observing the intensity with which the cause was contested, we have no reason for apprehending that there existed any collusion in this case, but are constrained to conclude it was contested in good faith by the respective parties.

Counsel for defendant Doggett contend. under the 3rd and 4th assignments of error. that the charge of adultery must be specifically pleaded, and that the evidence in the case at bar was insufficient to sustain the decree for divorce upon the ground of adultery. We have examined the record, and believe the pleading in this respect was sufficient, and that the evidence is sufficient to support the decree. The allegations as to adultery should be certain and specific, but no such certainty as is required in indictment for the crime is required of the pleader, 19 C. J. 109. The allegation need not name the particeps criminis when the same is unknown. Mitchell v. Mitchell, 61 N. Y. 398.

While it is true the proof as to adultery must be clear and convincing, nevertheless the law does not require that the fact of adultery be established by any certain number of witnesses, but if it be sufficient to convince the court, after a fair and impartial consideration of it, that the allegations of the petition as to this charge are true, the

court is authorized to grant the decree. The charge need not be established by direct proof, but may be sustained upon circumstantial evidence, and it is very seldom the charge may be established by direct evidence. 19 C. J. 137; Hartshorn v. Hartshorn, 67 Oklahoma, 168 Pac. 822.

We cannot say in the case at bar that the decree is not sustained by sufficient evidence. It does appear that the trial court, after having carefully weighed the evidence, considered it sufficient to sustain a decree, and we are unable, after having examined the record, to say there is any error in granting the decree of divorce to the plaintiff.

By the 5th assignment of error counsel for defendant Doggett say that "a ground of divorce is a full and complete defense against same or any other ground." Without deciding the correctness of this rule, it is sufficient to say in the case at bar that the finding of facts, which appear to be supported by the evidence, preclude the conclusion that any ground of divorce existed in favor of the defendant Doggett.

The contention that the plaintiff and defendant were living separate and apart through the fault of the plaintiff is not sustained under the findings of fact as announced by the trial court. Therefore, there must have existed good cause for the plaintiff refusing to live with the defendant, and it was not error for the trial court to grant the plaintiff a divorce on account of the misconduct of the defendant occurring subsequent to the hearing of her former petition in the former action.

Under the 8th assignment of error it is contended that the court erred in awarding the plaintiff alimony, for the reason that in the former action, where the plaintiff had been denied a divorce, the court had awarded her temporary alimony, which the plaintiff had been receiving. Under sections 4966 and 4975 of Revised Laws of 1910, the court is authorized to grant separate maintenance and support where a divorce is denied or in an action for such relief, but such a decree will not preclude the court in a subsequent action for divorce or operate as a bar to the court granting a decree of divorce and permanent alimony or decreeing an equitable division of the property of the husband and wife. Lewis v. Lewis, 39 Okla. 407, 135 Pac. 397. Under section 4975, supra, the court was authorized to make proper temporary provisions for the support and maintenance of the plaintiff although a decree of divorce was denied. Through the husband and wife may live separate and apart, the

husband is not relieved of his obligation to support the latter as long as a marital relation exists and continues, unless it is the fault of the wife that they live separate and apart. Nelson on Marriage & Divorce, secs. 1002, 1003.

Upon a review of the whole record in the case at bar, we conclude that the judgment of the court decreeing the plaintiff a divorce and a certain part of the property accumulated during the 25 years that the plaintiff and defendant lived together as husband and wife should be affirmed, and this cause having been consolidated by order of this court with No. 6527 and the decree in cause No 6527 being practically the same division of the property as decreed in cause No. 6273, the same will be affirmed.

It is the modern trend of appellate courts to disregard pure technicalities, which in no way affect the substantial rights of parties in the matter of procedure, and especially is it true in this state under section 6005, Revised Laws of 1910, and in the case at bar we conclude that the most serious error complained of by the defendants is one that they are at least in part responsible for by their conduct and action, and having failed to specifically call the same to the attention of the trial court in their motion for a new trial, in this situation this court will not award them any relief by reason of such error.

It is, therefore, ordered that the judgments of the trial court be, and the same are affirmed.

HARRISON, C. J., and KANE, JOHNSON. McNEILL, MILLER, and NICHOLSON. JJ.. concur. ELTING. J., dissents.