### MAHER v. SMITH.

No. 14545—Opinion Filed Dec. 26, 1923.

1. **Animals—Liability of Bailee for Loss—Burden of Proof.**

"Where the owner of cattle left in the exclusive possession of another to pasture shows that he left the cattle with such person in good condition, and that such bailee has failed to return part of the cattle, such evidence makes a prima facie case for the owner of the cattle, and in such a situation it is incumbent upon the bailee to satisfy the jury by the evidence that the loss of the cattle was consistent with the absence of fault on his part" Smith v. Maher, 84 Okla. 49, 202 Pac. 321.

2. **Appeal and Error—Questions of Fact—Verdict.**

Where there is any competent evidence to support the verdict of the jury, it will not be disturbed on appeal because of insufficiency of the evidence.

3. **Same—Conflicting Evidence—Liability of Bailee.**

Where a bailor makes a prima facie case against a bailee by showing delivery of property to such bailee, and the failure of the bailee to return the same according to the contract, and the value of the missing property, and the bailee offers to justify his failure to return the missing portions of the property by showing that he

exercised care in looking after the property commensurate with his duties under the contract of bailment, such proof creates a conflict in the evidence, and constitutes a question of fact for the determination of the jury.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Osage County; Chas. B. Wilson, Jr., Judge.

Action by G. W. Smith against D. B. Maher for damages. Judgment for plaintiff, and defendant brings error. Affirmed.

Grinstead & Scott, for plaintiff in error.

Wilson, Murphey & Duncan, for defendant in error.

Opinion by SHACKELFORD, C. G. W. Smith, as plaintiff, commenced this action against D. B. Maher, as defendant, in the district court of Osage county to recover damages in the sum of $660. The plaintiff's petition, in substance, alleged that on or about July 10, 1917, pursuant to the terms of an oral contract entered into between plaintiff and defendant, plaintiff delivered to the defendant 30 head of cattle for the purpose of pasturing them until such time as defendant notified plaintiff that the cattle were ready for market. That defendant agreed to safely keep said cattle until such time as defendant notified plaintiff that the cattle were ready for market, for which plaintiff paid to defendant the sum of $150. That on or about September 18, 1917, defendant notified plaintiff that the cattle were ready for market, and pursuant to this notice plaintiff went to Pawhuska to receive the cattle. That defendant failed to deliver six head of cattle; the reasonable value of the six head of cattle being $660. That by reason of the defendant's failure to deliver the said six head of cattle plaintiff was entitled to damages in the sum of $660.

Defendant filed answer, admitting that he received the 30 head of cattle from plaintiff for the purpose of pasturing the same for plaintiff, and that on or about September 18, 1917, he redelivered to plaintiff 26 head of the 30 head of cattle delivered to him by plaintiff. For further answer defendant alleged that he cared for the cattle in the same way and manner as he did his own cattle. That he employed a competent and trustworthy man to look after said cattle, and care for same in a competent and diligent manner, and the fact that said cattle were not found was in no wise the fault of defendant.

To this answer plaintiff filed reply, in the nature of a general denial of the affirmative allegations of said answer.

The cause was tried to a jury upon the issues joined, and verdict returned for the defendant, upon which verdict judgment was entered. Plaintiff prosecuted appeal to this court, and the cause was reversed and remanded, with directions to grant the plaintiff a new trial. The cause is reported as Smith v. Maher, 84 Okla. 49, 202 Pac. 321.

The cause was again tried to a jury on the 20th of November, 1922, resulting in a verdict for plaintiff in the sum of $600. It appears that the testimony of the plaintiff tended to show that three of the missing cattle were worth $90 per head, and the other three worth $85 per head, making a total of $525. That being so, the court ordered a remittitur of $75, and the amount was permitted to stand at $525. The court entered judgment for plaintiff for the sum of $525, with interest at six per cent. per annum from November 24, 1918, the date when plaintiff's suit was filed. Motion for a new trial was filed and overruled, and defendant prosecutes this appeal.

The first proposition urged by defendant is that the evidence was insufficient to support the verdict and judgment. The delivery of the cattle to defendant by plaintiff is admitted in the defendant's answer. It is also admitted that the defendant failed to return part of the cattle to plaintiff. The plaintiff's evidence tended to prove that defendant failed to return six head of the cattle, and that such missing cattle were worth $525. This was sufficient to make out a prima facie case for the plaintiff. It then devolved upon the defendant to explain his failure to return the missing cattle.

In Smith v. Maher, 84 Okla. 49, 202 Pac. 321, the opinion of the court in the former appeal of this cause, it is said:

"Where the owner of cattle left in the exclusive possession of another to pasture shows that he left the cattle with such person in good condition, and that such bailee has failed to return part of the cattle, such evidence makes a prima facie case for the owner of the cattle, and in such a situation it is incumbent upon the bailee to satisfy the jury by the evidence that the loss of the cattle was consistent with the absence of fault on his part."

Defendant introduced evidence tending to show that he employed a competent and trustworthy man to look after said cattle, and that said man did look after the cattle in a competent and diligent manner, and that the fact that the cattle were missing was no fault of the defendant. The defendant's evidence tended to show that sometimes the man looking after the several hundred head of cattle, of which plaintiff's cattle formed a part, in defendant's pasture, would find gates down where cattle had passed through, and would depend upon returning them to the home pasture at roundup time. Whether the evidence of defendant was sufficient to overcome the prima facie showing of the plaintiff was a question for the jury, and evidently the jury was not satisfied with the showing made. Their verdict for the plaintiff was, in effect, a finding that the defendant had failed to discharge the burden of explaining the failure to deliver the missing cattle to plaintiff. It cannot be said that the verdict and judgment was contrary to the evidence, nor can it be said that the verdict was not supported by the evidence. Where there is any competent evidence reasonably tending to support the verdict, it should not be disturbed on appeal.

Alfred Blenden, a witness for defendant, testified that he took from defendant's pasture a steer which had been branded under the mark of Sam Smith. There was evidence that the brand of Sam Smith and that of G. W. Smith were similar and easily confused. The testimony of this witness was withdrawn from the consideration of the jury by the court. Defendant contends that this action on the part of the court was error, and that the testimony of this witness should have been admitted as a circumstance to explain the absence of one of the cows. We think the evidence was clearly incompetent. The witness testified positively that the steer which he took from the pasture of the defendant had been branded under the mark of Sam Smith. The fact that witness took a steer bearing the brand of Sam Smith from the pasture of the defendant could not in any circumstance be admissable for the purpose of explaining the absence of a steer bearing the brand of G. W. Smith.

Defendant complains that the instructions of the court were couched in technical language, and were incapable of being understood by the average juror. The particular instances cited are the use of the terms "prima facie" and "preponderance of the evidence," without defining said terms to the jury. The instruction in which these words are used is as follows:

"Before the plaintiff in this case will be entitled to recover he must establish to your satisfaction by a preponderance of the evidence that his loss of cattle was due to the failure of the defendant to exercise ordinary care to prevent their being lost or stolen; he must also satisfy

you from a preponderance of the evidence of the number of cattle lost and the value of the same. In this connection you are instructed that the fact that he left the cattle with the defendant to be pastured and that the defendant failed to return some of them is prima facie evidence of defendant's negligence, and such evidence, together with evidence of the number of cattle lost and their value would be sufficient to entitle plaintiff to recover, unless you further find from the evidence in the case that the defendant exercised such ordinary care to prevent plaintiff's cattle from being lost or stolen as an ordinarily careful, cautious and prudent person would exercise under like or similar circumstances."

An examination of this instruction leads us to think that the jury could not have been misled with reference to the term "prima facie" since the court instructed the jury in effect that such prima facie evidence amounted to showing delivery of the cattle to defendant and defendant's failure to return some of them, and the value of the missing ones. We think the meaning of the court was so clear that no ordinary man could have failed to understand what was meant. Nor do we think that the use of the phrase "preponderance of the evidence" without defining it, was such error as would result in prejudice to the defendant and create a probable miscarriage of justice, so as to work a reversal of this cause, if, in fact, it was at all erroneous. In City of Cushing v. Bay, 82 Okla. 140, 198 Pac. 877, this court said:

"It is further contended by the defendant that the court committed error in not defining the term 'preponderance of the evidence.' We do not consider this was necessary. The meaning of the word 'preponderance' is understood by every one of ordinary intelligence. It has the same meaning when applied to evidence as applied in ordinary conversation."

The journal entry of judgment provides that plaintiff shall recover interest at six per cent. per annum from the 24th of November, 1918. This seems to be the date on which the suit was originally filed. The judgment, in providing for interest from the date of filing the suit, is erroneous. The plaintiff's right is to have interest at six per cent. per annum on his judgment from the date of rendition thereof. The judgment should be modified to bear interest at six per cent. per annum from and after the 20th day of November, 1922, the date the judgment was rendered.

We have carefully considered all the assignments of error in connection with the record in this case, and have reached

the conclusion that no substantial right of the defendant has been invaded except as to the matter of interest. There is no error in the instructions prejudicial to defendant. The questions of fact were determined by the jury in plaintiff's favor; and its conclusion upon such question of fact is binding here.

We recommend that the judgment of the trial court be modified to provide for interest at the rate of six per cent. per annum from and after November 20, 1922, the date of the rendition of the judgment; and that otherwise the judgment be in all things affirmed.

By the Court: It is so ordered.