## HUTCHINS v. RICHARDSON.

No. 12820—Opinion Filed Jan. 15, 1924.

Rehearing Denied June 24, 1924.

1. Appeal and Error—Change of Theory—Invited Error.

A party on appeal in the Supreme Court will not be permitted to secure a reversal of a judgment upon error which he has invited and acquiesced in, or assume a position inconsistent with that taken in the trial court.

2. Taxation—Invalidity of Tax Deed.

The holder of a certificate of purchase issued at a tax sale of real estate not having caused a written notice signed by him to be served upon the owner of the land in the county wherein such sale took place and, also, on the person in possession of said land (if the same be occupied), such notice stating the sale of the said lands and notifying such person that, unless redemption is made from such sale within 60 days after the service of such notice, a tax deed will be demanded and issued by the county treasurer, said deed will be set aside on proper application of the owner of said land, he having tendered the accrued taxes, penalties, interest, fees, etc.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Owen Owen, Judge.

Action by Charles Richardson against George W. Hutchins to set aside a tax deed. Judgment for plaintiff, and defendant brings error. Affirmed.

G. W. Hutchins, for plaintiff in error.

Chas. Richardson, for defendant in error

Opinion by FOSTER, C. This appeal is prosecuted by the plaintiff in error to reverse a judgment of the district court of Tulsa county, Okla., cancelling and setting aside a tax deed upon the north half (N. 1-2) of lot one (1), block nineteen (19), in North Tulsa addition to the city of Tulsa, Okla., of which the defendant in error claims to be the owner. The deed in controversy was executed by the treasurer of Tulsa county, Okla., on the 13th day of May, 1920, and the defendant in error brought suit to set the same aside, alleging that it had been executed and delivered without giving the proper notice to the persons occupying the property as required by section 9749, Comp. Stat. 1921, and was therefore void. The trial court sustained this contention, cancelled and set the deed aside, and this appeal is prosecuted to reverse this judgment.

Plaintiff in error states in his brief:

"There is no other question worth while the court's attention except that of Richardson's deed which was not of record at the time the tax deed was issued, so he was not the party to be served with notice, neither does he have the right at this time to contest the tax deed under the law which is made and provided for such cases."

In other words, plaintiff in error bases his claim for a reversal solely upon the ground that the defendant in error was not the record owner of the property in controversy at the time the tax deed was issued, and hence has no right to contest the valid-

ity of the deed. The record shows, however, that the defendant in error's ownership of the property was admitted by the plaintiff in error in the trial court, and in these circumstances the plaintiff in error on appeal is precluded from raising this question for the first time in the Supreme court. Doggett et al. v. Doggett, 85 Okla. 90, 203 Pac. 223, and Brooks v. Tyner, 38 Okla. 271, 132 Pac. 683.

The only question remaining for consideration is, Was the property occupied at the time the attempt was made to serve notice?

It is not claimed that any notice was served upon the occupants of the property of intention to demand the tax deed, and plaintiff in error justifies this omission by the claim that the property was not occupied. The record discloses, however, that there was ample testimony to support the finding and judgment of the trial court that the property was occupied at the time by tenants of the defendant in error, and in these circumstances the finding and judgment of the trial court will not be disturbed by the Supreme Court on appeal. Shenners v. Adams, 46 Okla. 368, 148 Pac. 1023; McCann v. McCann et al., 24 Okla. 264, 103 Pac. 694, and many other cases.

Section 9749, Comp. Stat. 1921, provides in part as follows:

"* * * Provided, however, that before any holder of a certificate of purchase issued at any tax sale of real estate shall be entitled to a deed as provided in this section, he shall cause a written notice signed by himself to be served upon the owner of the land if he is within the state, and also upon the person in possession of said land (if the same be occupied), which notice shall recite the sale of the said lands, specifying the date of such sale and notifying such person that unless redemption is made from such sale within sixty days after the date of the service of such notice, a tax deed will be demanded and will issue as provided by law. * * *"

It has been held by our Supreme Court that this provision of the statute quoted is mandatory, and that a failure by the holder of a certificate of purchase issued at a tax sale of real estate to cause written notice to be served on the person in possession of the land (if the land is occupied), notifying such person that unless redemption is made from such within 60 days after the service of such notice a tax deed will be demanded, renders the deed void and inoperative as a conveyance of the title and will be set aside. See Dawson v. Anderson, 38 Okla. 167, 132 Pac. 666, and Un-

ion Savings Ass'n v. Cummins et al., 78 Okla. 265, 190 Pac. 869.

It is immaterial whether the defendant in error as the owner of the property did or did not have actual notice of the application of plaintiff in error for a tax deed, in view of the fact that under the provisions of our statute it was necessary in any event, and in addition to notice to the owner, to cause written notice to be given to the persons occupying the property.

While the evidence tends to show that the defendant in error tendered to the county treasurer the amount of the delinquent taxes assessed against the property in controversy before the application of the plaintiff in error for a tax deed was made, this question has not been raised by the plaintiff in error in his brief and it is therefore necessary for this court to consider it.

There was evidence, however, in our judgment, of the making of such tender sufficient to sustain the general judgment of the trial court.

For the reasons stated, the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.