## SKAGGS v. GYPSY OIL CO.

No. 23175.   Oct. 16, 1934.

C. B. Stuart, E. J. Doerner, and B. A. Hamilton, for plaintiff in error.

James B. Diggs, William C. Liedtke, Russell G. Lowe, Redmond S. Cole, and C. L. Billings, for defendant in error.

PER CURIAM. This was an action commenced by Claude E. Skaggs, as plaintiff, against the Gypsy Oil Company, a corporation, as defendant, in the district court of Tulsa county, Okla. We will refer to the parties as they appear in the trial court.

Plaintiff's petition, which appears at pages 4 to 11, record, is quite lengthy, and for the purpose of this appeal may be summarized as follows:

The petition alleges generally that the defendant is a corporation and plaintiff was a resident of the state of Oklahoma; that while plaintiff was riding as a guest in a Ford automobile then driven by Mrs. Mamie Colbert, along Highway No. 66, and in an easterly direction, and at a point about two (2) miles east of Bristow, said automobile was struck by a certain Buick automobile then and there driven in a westerly direction by the agent and servant of the defendant. That by reason of such collision, plaintiff was violently thrown against the windshield and front part of the Ford car, which resulted in serious and permanent injuries. Plaintiff further alleges that the collision was caused by the negligence and want of care of the defendant's agent and servant, in the following particulars, and then sets out four separate and distinct allegations and grounds of negligence:

"(1) That at the time of the collision the defendant's automobile, which was a Buick, was being driven at a high and reckless rate of speed, to wit, approximately 60 miles per hour, which was a violation of the laws of Oklahoma.

"(2) That at the point at which the collision happened, the driver of the defendant's car had a clear and unobstructed view for considerable distance; that the car in which the plaintiff was traveling was compelled, while traveling at a reasonable and legal rate of speed, to turn to the left side of the pavement, in order to pass a car which was parked on the side of the pavement on which the car in which the plaintiff was riding was traveling, and that the defendant's driver failed to keep a lookout and observe the car in which plaintiff was riding, and failed to check the speed of defendant's car after he discovered the perilous position and dangerous situation in which the plaintiff found himself by reason of the driver of the car in which plaintiff was riding passing the parked car.

"(3) That had the defendant's driver been keeping a proper lookout for conditions on said highway, the driver of defendant's car which would have been able to see the dangerous situation in which the said car parked on the south side of the highway placed the car in which the plaintiff was riding, and would have been able to have avoided the collision.

"(4) That the brakes on the defendant's automobile were worn, defective, unsafe, and insufficient to enable the driver thereof to stop said automobile."

Plaintiff further alleges that he was entirely without fault, and further pleads the injury which he sustained (not necessary to be restated here), and prays judgment for $61,000 for medical services and damages.

To this petition the defendant filed various motions and demurrers, raising principally the ground that the petition was drawn upon different theories, which are inconsistent and self-destructive, and therefore failed to state a cause of action. Each of the motions and the demurrers was overruled, and thereafter the defendant filed its answer, denying negligence or carelessness on the part of the defendant and its agent, by asserting that the collision and alleged injury were caused and resulted solely from the negligent, careless and reckless driving of the automobile in which the plaintiff was riding, and in effect charged that the negligence and carelessness of the driver of the automobile in

which plaintiff was riding was the proximate cause of the injury to the plaintiff.

Issue was thereupon joined by a reply. Thereafter the defendant filed a motion to require the plaintiff to elect upon which theory of negligence charged the plaintiff would rely. This motion was also overruled, and the cause proceeded to trial before court and jury upon the two theories presented by plaintiff's petition and upon the issues above indicated, and resulted in a verdict and judgment in favor of the defendant.

Proper motion for new trial was filed, overruled, exceptions properly taken, and the case brought here regularly on appeal.

The only questions involved in this appeal are questions which concern the giving of instructions to the jury as well as the refusal to give certain instructions requested by the plaintiff. No question is raised as to the sufficiency of the evidence or as to the admission or rejection of testimony.

From an examination of the record presented upon appeal, it is apparent that this cause was tried by both parties with a purpose and desire that all the facts be fully placed before the court and jury. The record evidences that it is singularly free from objections and exceptions to the admission or rejection of testimony.

The record also discloses that the trial court afforded both parties full opportunity to present any and all theories which properly could have been made or raised by the pleadings as framed.

It is unnecessary, in view of the conclusion here reached, to dwell upon or quote the evidence introduced in this case. We have examined the whole record with care to determine whether or not there was error in the instructions as given, and whether or not the plaintiff was entitled to the requested instructions, refused by the court.

The assignments of error are briefed and classified as follows:

First: The court erred in giving to the jury instruction No. 11.

Second: The court erred in giving to the jury the second paragraph of instruction No. 18.

Third: Instructions Nos. 11, 12, 13, 14, 15, 17, 18, and 19 are erroneous in that they unnecessarily restate issues and theories of the defendant by constant repetition.

Fourth: The court erred in failing to define the term "preponderance of the evidence."

Upon these assigned errors, all others having been abandoned by plaintiff, the question is submitted to this court for determination.

Instruction No. 11 is an instruction upon the burden of proof under the last clear chance doctrine. Plaintiff predicates error by the trial court upon the giving of this instruction and as a ground therefor says:

"The doctrine of last clear chance is not involved because the plaintiff was in no wise guilty of contributory negligence nor could he be accused of contributory or primary negligence under any view taken of the case."

The instruction complained of is as follows:

"No. 11. You are instructed that the burden rests upon the plaintiff to prove by a preponderance of the evidence, first, that the plaintiff got into a place of danger, and, second, that the defendant discovered plaintiff's perilous position, and, third, that, after discovering plaintiff's danger, the defendant could have then prevented the injury by the use of reasonable care, and you are further instructed that 'reasonable care' means that degree of care and caution that ordinarily prudent persons would use under the same circumstances."

The plaintiff is in no position now to claim error upon the giving of this instruction, because he injected into the case the theory or element of the humanitarian doctrine of last clear chance, his petition pleads such, and one of his theories is wholly founded thereon. The plaintiff requested the court to give to the jury his requested instruction No. 12, which was an instruction requesting the court to charge upon the doctrine of last clear chance. In conformity with plaintiff's request the trial court gave instruction No. 10, which was word for word plaintiff's requested instruction No. 12. This instruction is as follows:

"No. 10. In this connection you are instructed that while it is ordinarily true plaintiff cannot recover, if it is shown by the evidence introduced in his behalf that he, himself, was guilty of negligence at the time of his injury, which was a present, contributing, and proximate cause thereof; yet, notwithstanding this general rule, if the defendant's servant in charge of its automobile at the time of the accident saw plaintiff in a position of peril, it then became the duty of said defendant's servant and employee, upon discovery of such perilous position of plaintiff, to use ordinary care to avoid injuring him, and this, notwithstanding you may believe from a preponderance of the evidence that plaintiff has been guilty of contributory negligence.

"In this connection you are further in-

structed that if you find and believe from the evidence a servant and agent in charge of defendant's automobile saw plaintiff was in a position of peril in time to avoid injuring him by the exercise of ordinary care by means reasonably within the control of said defendant's servant and agent, and that said servant and agent of defendant failed so to do, then you are instructed plaintiff would be entitled to recover, and your verdict should be for the plaintiff.

"But in this connection, you are instructed that if the driver of defendant's automobile, after discovering plaintiff's position of peril, if you find such to be a fact, then used ordinary care to prevent injury to plaintiff, the use of such ordinary care under such circumstances as outlined, would fulfill his duty under the law, and if you find that he did so from the evidence in the case, then under such circumstances plaintiff would not be entitled to recover and your verdict should be for the defendant."

The court followed this requested instruction given at the instance of the plaintiff below, with instruction No. 11, now complained of, which merely declared that the burden of proof rested upon the plaintiff to prove, first, that the plaintiff was in a place of danger; second, that the defendant's agent discovered the plaintiff's perilous position; and third, after discovering plaintiff's danger, the defendant, or its agent, could then have prevented the injury by use of reasonable care, and further defined the meaning of the words "reasonable care." This instruction was correct. It was so held in A., T. & S. F. Ry. Co. v. Phillips, 158 Okla. 141, 12 P. (2d) 908. No complaint is made that instruction No. 11 is not a correct instruction as to the burden of proof.

Inasmuch as the plaintiff requested an instruction on the last clear chance doctrine, and the court thereupon gave it, it was not error to supplement such instruction by charging the jury as to the burden of proof. If any error was committed by the trial court, it was invited by the plaintiff below by his own act in pleading this doctrine and trying his case upon that theory. He cannot be heard now to predicate error upon the giving of this instruction, or claim there was no evidence to support the giving of such instruction. Badgett v. Johnson Fife Hat Co. (C. C. A.) 85 F. 408.

In the case of Hutchins v. Richardson, 100 Okla. 80, 227 P. 432, this court held:

"A party on appeal in the Supreme Court will not be permitted to secure a reversal of a judgment upon error which he has invited. * * * or assume a position inconsistent with that in the trial court."

To the same effect is the case of Musko-

gee Electric Traction Co. v. Dunnam, 129 Okla. 70, 263 P. 1091, and this court also held in Carter Oil Co. v. Kennedy, 137 Okla. 168, 278 P. 640:

"Where a party to an action requests the court to instruct the jury and the court gives the instruction requested, the party making the request is bound by the same and cannot predicate error in this court on a theory different from that embodied in the instruction requested."

It is the established rule in this state that one cannot invite error in the trial of a cause and then secure a reversal by reason of such invited error. Allen v. Oklahoma State Bank, 133 Okla. 14, 270 P. 838.

Instruction No. 10, relating to the last clear chance doctrine, having been requested by the plaintiff under his requested instruction No. 12 and given by the court, he is in no position to complain that the element of last clear chance was not an issue in this cause, nor is he in a position to complain that there is no evidence to support such an instruction. There was no error in giving this instruction.

Under plaintiff's second assignment, claim is made that the court erred in giving to the jury the second paragraph of instruction No. 18; such paragraph reads as follows:

"You are instructed that it is the duty of a person operating an automobile to maintain a lookout for automobiles, motor vehicles, persons, and objects approaching from the opposite direction on said highway.

"In this connection you are instructed that the driver of the car or other vehicles proceeding in a lawful manner along his own or right-hand side of the road has a right to proceed on his way relying upon the assumption that the driver of or operator of vehicles approaching from the opposite direction will use reasonable care in attempting to pass to the left of each other."

One operating an automobile upon the highways of this state in conformity with the law and in a careful manner has a right to rely upon the assumption that the driver or operator of another automobile approaching from the opposite direction will not only comply with the law and keep to the right of the center of the road, but will also use reasonable care in passing to the left of each other. This rule, of course, has no application to one who is operating an automobile in a negligent manner. The court so instructed the jury in giving instruction No. 20, by charging "that if the defendant was at the time of the accident

or just prior thereto driving the automobile in excess of the lawful speed he was guilty of negligence, and if such negligence was proximate cause of plaintiff's injury, plaintiff should recover." This was a question of fact for a jury to find under proper instructions.

This paragraph does not in any manner assume any fact in evidence, nor does it intimate to the jury that the automobile of the defendant was being driven at a lawful rate of speed. It merely goes to the extent of the presumption which naturally arises, and which one may assume within the rule announced, that all persons using the public highway will use the same in a lawful manner and in conformity with the laws of the road; otherwise, they may be subject to liability for reckless conduct and negligence.

The instruction does not assume at what speed the automobile of the defendant was being driven, nor did it assume that defendant's automobile was being driven in compliance with the speed laws of this state. It is applicable to both litigants and is impersonal in its application.

The instruction is not confusing and misleading, nor does it invade the province of the jury, nor does it intimate that the court was charging that the defendant's automobile was being operated at a lawful rate of speed, and this is more so in view of the fact the court instructed the jury in instruction No. 6 as follows:

"One who operates an automobile on a public highway owes to other drivers on said highway the duty of controlling, operating, and driving said automobile carefully so as to avoid causing needless injury, and in the performance of that duty is bound to take all precautions which reasonable care requires under the circumstances."

This instruction must be considered in connection with instructions Nos. 6 and 20, and when so considered is correct. All instructions must be considered together, and when so considered if they state the law correctly and without conflict, this is sufficient, even though one or more standing alone might be imcomplete. We find no error on the part of the trial court in giving this instruction, Cushing Refining & Gasoline Co. v. Deshan, 149 Okla. 225, 300 P. 312; 42 C. J. 912-943.

Third assignment of error. This assignment raises the question whether or not instructions Nos. 11, 12, 13, 14, 15, 17, 18, and 19 are erroneous, because they unduly emphasize issues and theories of the defense by making them unduly prominent.

We have held that instruction No. 11 is an instruction on the burden of proof under the last clear chance doctrine, and follows instruction No. 10 on the last clear chance doctrine.

Instruction No. 12 further defines the duties imposed upon one to use reasonable care to avoid injuring another discovered to be in a place of peril. This instruction does not mention either the plaintiff or the defendant. No objection is made to the instruction, except that plaintiff claims it emphasizes defendant's theory.

Instruction No. 13 is a further declaration under the last clear chance doctrine, and the jury is instructed "that even if the defendant discovered plaintiff's danger and could not thereafter prevent the collision and injury by the exercise of reasonable care, then the jury should find for the defendant upon that issue."

Instruction No. 14 was an instruction to the jury that if they found by a preponderance of the evidence that plaintiff has been damaged and injured as defined herein, and that such damage and injury were the proximate result of the negligence of the defendant, and that the plaintiff was not guilty of contributory negligence, then that the jury should find in favor of the plaintiff and against the defendant.

Instruction No. 15 was an instruction to the jury "that if they found from the evidence that the driver of the car in which the plaintiff was riding, failed to use reasonable care in attempting to pass other vehicles driven in the same direction, and in the course of such attempt collided with defendant's car through no fault of defendant's driver, and the jury should further find that the plaintiff was injured in such collision, then the jury was instructed that the negligence of the driver of the car in which the plaintiff was riding was the proximate cause of the injury and under such circumstances the jury must return a verdict for the defendant."

Instruction No. 17 instructed the jury that even though the negligence, if any, of the driver of the car in which the plaintiff was riding, was not imputable to the plaintiff, yet, if they found from the evidence that the injury of the plaintiff was caused wholly and solely by the negligence of the said Mamie Colbert, driver of the car in which

the plaintiff was riding, and that the driver of the Buick car, being the defendant's car, was without fault, it would be their duty to return a verdict in favor of the defendant.

Instruction No. 18 defined the duty of a person operating an automobile to maintain a lookout for other vehicles, persons and objects approaching from the opposite direction.

Instruction No. 19 was an instruction defining the duty of a person driving an automobile in passing another. All of these instructions were proper under the issues.

In view of the intimation and statements contained in the plaintiff in error's brief, that these instructions unduly emphasized the issue and theories of the defendant by repetition and made such issues unduly prominent, and in further view that on page 39 of plaintiff in error's brief it is there said that the "jury got the impression that the court having laid great stress upon these propositions that it was the controlling issues in the case," and that it in effect tended to be a charge upon the weight of the evidence, and in further view of the statement contained in plaintiff in error's brief that these repetitions of the theory of the defendant created an atmosphere in the court "that the trial court thought that judgment should be for the defendant in the case," we have examined the entire record for the purpose of informing ourselves as to whether or not the conduct of the trial judge as reflected by the record disclosed any intent to give undue prominence to the theories or issues in favor of either of the litigants. The record discloses that the trial judge was exceedingly fair in his conduct of the case. There is no indication whatever in the record that the trial court conducted itself other than in an impartial manner.

This cause was rather complex. The theories upon which the case was tried required the court to extensively instruct the jury as to the law applicable to the negligence charged, including the last clear chance doctrine and contributory negligence, and also required the court to fully charge upon the theories of both plaintiff and defendant, necessitating instructions upon the burden of proof and other incidental matters. Both parties were entitled to have their theories properly presented, White v. Hughes, 145 Okla. 192, 292 P. 37.

The mere fact that the court might have inadvertently restated the law and theories of the litigants in several instructions does not necessarily mean that the court emphasized the issues or the law favorable to either litigant. Trial courts should, whenever possible, practice brevity in giving instructions when consistent with the issues and theories of litigants.

It is only in cases where the instructions and an examination of the entire record disclose either unwarranted and unnecessary repetition, or a strained effort on the part of a trial judge to unduly emphasize issues and theories in favor of one litigant, that this court will consider such instructions as a charge upon the weight of the evidence and reverse the case.

We find no such condition existing in this cause. It was not error for the court to have given instructions Nos. 11, 12, 13, 14, 15, 17, 18, and 19 in the form given, and these instructions do not unduly emphasize the issues and theories of the defense.

The fourth assignment of error is to the effect that the court erred in failing to define the term "preponderance of the evidence," after request properly made by a tendered instruction defining the meaning of "preponderance."

This court held in Maher v. Smith, 94 Okla. 238, 221 P. 749, the following:

"Nor do we think, that the use of the phrase 'preponderance of the evidence' without defining it, was such an error as would result in prejudice to the defendant and create a probable miscarriage of justice, so as to work a reversal of this cause."

In City of Cushing v. Bay, 82 Okla. 140, 198 P. 877, this court said:

"It is further contended by the defendant that the court committed error in not defining the term 'preponderance of the evidence.' We do not consider this was necessary. The meaning of the word 'preponderance' is understood by every one of ordinary intelligence. It has the same meaning when applied to evidence as applied in ordinary conversation."

It is not reversible error for a trial court to either fail or refuse to give an instruction defining words of common understanding, and such as are readily understood by every one of ordinary intelligence, Jameson v. Flournoy et al., 76 Okla. 227, 184 P. 910.

The word "preponderance," when used in connection with "evidence," has the same meaning as applied in ordinary conversation.

In aid of the fourth assignment of error

the plaintiff presented to the trial court the affidavits of several jurors, to the effect that the instructions of the court were misunderstood, etc.

These affidavits were in the nature of an impeachment of the verdict of the jury, and were filed in support of a motion for new trial.

It is the established rule in this state that affidavits, depositions, sworn statements or oral testimony of a juror or jurors, cannot be received or considered to impeach a verdict or to explain it, or show a mistake in the verdict or that the charge of the court was misunderstood.

This rule is based on public policy and is enforced for the purpose of preventing litigants and the public from invading the privacy of the jury room. This court so held in Baumle v. Verde, 50 Okla. 609, 150 P. 876; Egan v. First National Bank of Tulsa, 67 Okla. 168, 169 P. 621; C., R. I. & P. Ry. Co. v. Brown, 55 Okla. 173, 154 P. 1161; Teeters v. Frost, 145 Okla. 273, 292 P. 356.

Upon an examination of the entire record, we fail to find any prejudicial error which would affect the result in this case and cause a reversal.

The instructions given by the trial court clearly state the law applicable to the theories advanced by the litigants upon which the case was tried. These instructions are neither misleading nor confusing; nor do they unduly emphasize the theories of either litigant. It was the duty of the trial court to submit by proper instructions the theories of both parties where there was any evidence tending to support such theories (Bower v. Selby, 105 Okla. 241, 232 P. 402) ; this the trial court not only did, but instructed the jury at the request of the plaintiff below upon the theory of contributory negligence and last clear chance, which plaintiff now claims was error. Plaintiff is in no position to take exception to that which was done at his own request, and that which he invited during the trial of the cause.

This court definitely established a rule in this state in appellate procedure when it held that:

"A party on appeal in the Supreme Court will not be permitted to secure a reversal of a judgment upon error which he has invited * * * or assume a position inconsistent with that taken in the trial court."

This rule, announced in the case of Hutchins v. Richardson, 100 Okla. 80, 227 P. 432, has been many times repeated, as disclosed by later decisions. This court also applies the same rule to one who prepares and submits an instruction to the court and requests that it be given. Such a person cannot predicate error in the giving of such requested instruction, Parsons v. Sims, 104 Okla. 1, 229 P. 1090.

If, as plaintiff below now claims, it was error for the court to instruct upon the last clear chance doctrine and upon the rule of contributory negligence, he is estopped here from claiming error by reason of his own act in pleading the last clear chance doctrine and requesting instructions on such doctrine as well as on the law of contributory negligence since he injected them into the issues and theories upon which the case was tried. Plaintiff's requested instruction No. 4 on contributory negligence was given by the court in full as instruction No. 9. The plaintiff's evidence justified its being given.

Finding no error in the proceedings of the trial court which affect the material or substantial rights of the plaintiff in error, the judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys C. F. Dyer, P. C. Simons, and L. E. McKnight in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Dyer and approved by Mr. Simons and Mr. McKnight, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.